J. H. Dickerson, *et al., Plaintiffs in Error,* v. J. A. Lankford, Surviving Partner, &c., *Defendant in Error.*

Opinion Filed February 9, 1915.

1. In an action at law where one of the counts of the declaration is based upon a special contract, where the testimony clearly establishes the fact that such contract was never carried out or completed, but that the same was abandoned by agreement between the plaintiff and the defendants and another contract made, there can be no recovery under such count.

2. In an action at law where the plaintiff seeks to recover for services rendered as an architect, in the absence of any evidence as to the value of such services, the plaintiff is not entitled to recover.

Writ of Error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment reversed.

*E. J. L'Engle* and *P. L. Gaskins,* for Plaintiffs in Error;

*F. W. Butler* and *T. E. Jennings,* for Defendant in Error.

SHACKLEFORD, J.—J. A. Lankford, as the surviving partner of J. A. Lankford & Brother, a firm of architects in Washington, D. C., brought an action at law against "J. H. Dickerson, A. J. Junius, A. L. Lewis, members, officers and trustees of 'the Grand Lodge Free and Accepted Masons and Trustees of Temple Fund and property of the Most Worshipful Union Grand Lodge of the Most Ancient and Honorable Fraternity of Free Masons of Florida, A. L. Lewis as Grand Secretary, and A. J. Junius, as Grand Treasurer, and J. H. Dickerson, D. D. Powell, Newton Cole and E. W. Larkins, as members of Board of Directors of Masonic Benefit Association" to recover for architectural services rendered the defendants in connection with the erection of the negro masonic temple in the City of Jacksonville. No errors are assigned on the pleadings. The amended declaration consists of one main count, which is unnecessarily long and excessively particular in details, and also of the common counts, to which the defendants filed a number of pleas, upon all of which issue was joined and a trial was had before a jury, which resulted in a verdict being rendered in favor of the plaintiff for the sum of $5,000.00. During the trial and prior to the verdict, the plaintiff moved the court to dismiss the cause as to D. M. Baxter and Newton Cole, two of the defendants, which motion was granted. The following judgment was entered upon the verdict:

"It is therefore considered by the court that the plaintiff J. A. Lankford, surviving partner of the late partner-

Dickerson, *et al.* v. Lankford—Opinion of Court.

ship of J. A. Lankford & Bro., do have and recover of and from the defendants J. H. Dickerson, A. J. Junius, A. L. Lewis, members, officers and trustees of the Grand Lodge Free and Accepted Masons and Trustees of Temple Fund and Property of the Most Worshipful Union Grand Lodge of the Most Ancient and Honorable Fraternity of Free Masons, of Florida, A. L. Lewis, as Grand Secretary, A. J. Junius, as Grand Treasurer, and J. H. Dickerson, D. D. Powell and E. W. Larkins as members of Board of Directors of Masonic Benefit Association, the sum of Five Thousand ($5,000.00) Dollars, for his damages herein sustained, besides the sum of $......... for his costs herein expended, for which let execution issue."

The defendants filed a motion for a new trial, containing 61 grounds, upon which the following order was made:

"Unless the plaintiff shall as of this date enter a remittitur for so much of the amount of the verdict as is in excess of Three Thousand ($3,000.00) Dollars, this motion will be granted. In case said remittitur is so entered the motion will be denied."

Thereupon the plaintiff filed his remittitur, pursuant to such order, which the trial court accepted and overruled the motion for a new trial, to which ruling the defendants excepted. This judgment, which now stands for $3,000.00, the defendants have brought here for review.

We think that the trial court correctly charged the jury to the effect that there had been no proof adduced which would entitle the plaintiff to recover under the second, fourth, fifth, sixth and seventh counts of the declaration, therefore only the first, third and eighth counts remained

for consideration. The first count alleges the making of a certain specified contract between the firm of J. A. Lankford & Brother, of which the plaintiff was a member, and J. H. Dickerson, acting for himself and also for the other defendants, by which the firm of J. A. Lankford & Brother were to prepare the plans and specifications and to supervise the erection of a Masonic Temple in the City of Jacksonville, for which services the defendants were to pay such firm five per cent of the cost of the erection of such building, which cost was estimated would be one hundred thousand dollars. Such count then contains the following allegation:

"And plaintiff avers that thereupon he commenced work upon the plans and specifications for the erection and construction of said Masonic Temple as he agreed so to do, and continued thereat, until to-wit: The month of October, 1908, at which time he submitted to the defendants in the City of Jacksonville, Florida, such prospective plans and specifications, and which were by the defendants and in all things, approved and accepted, and thereupon, under the instruction of said defendants upon the acceptance by them of said prospective plans, the defendant prepared the plans and specifications for the erection of said Masonic Temple and delivered the same to the defendants during the middle of the year 1909, which were by said defendants accepted as, and for the plans and specifications so prepared by the plaintiff, in pursuance of said verbal agreement theretofore entered into between the plaintiff and the defendant Dickerson, acting for and on behalf of the defendant herein, and thereafter under and by the terms of said verbal agreement, the plaintiff continued in the employment of the defendants, working out the details for the erection and

construction of said Masonic Temple, until, to-wit: the month of March, 1912, when for reasons unknown to the plaintiff, the defendants wrongfully and illegally without cause employed other architects to prepare other plans and specifications for the erection of said building and declined and refused to comply with the terms of the verbal agreement as heretofore set forth existing between the defendants and plaintiff and refused and neglected to pay the plaintiff for his services in that behalf.

And plaintiff alleges that in all manners and ways he has performed and complied with each and every the stipulations, agreements and requirements on his part to be performed, and still stands ready to so comply in every part."

The third count claims the sum of $6,800.00 for work done and materials furnished by the plaintiff for the defendants at their request. The eighth count is as follows:

"8. And in a like sum for the plaintiff, at the request of the defendants, had, before said date March 31st, 1912, done and bestowed certain services in and about the business of said defendants, and for them, J. H. Dickerson, for and on behalf of the defendants promised the plaintiff to pay him on request so much money as he therefor reasonably deserved to have, and the plaintiff avers that he then and there reasonably deserved to have therefore the sum of Six Thousand Eight Hundred ($6,800.00) Dollars."

A careful examination of the evidence adduced discloses that, according to the plaintiff's own testimony, the special contract declared upon in the first count was never carried out or completed, but that the same was

abandoned by agreement between the plaintiff and the defendants and another contract made, by which the plaintiff was to act as consulting, instead of supervising architect, and that the plaintiff did act as such consulting architect for a period of some months. We see no useful purpose to be accomplished by setting out or discussing the evidence. We are clear that the first count was not sustained by the proofs and that there could be no recovery thereunder. We further find that no evidence was introduced as to what compensation the plaintiff was to receive under the second contract, as to what his services were reasonably worth under the first contract for preparing the plans and specifications, or what his services were reasonably worth for acting as consulting architect under the second contract. This being true, it follows that there could be no recovery under the two remaining counts, the third and the eighth. In other words, we are of the opinion that the evidence fails to support the verdict, or the judgment as finally rendered, for which reason the judgment will have to be reversed and a new trial awarded. Having reached this conclusion, there is no occasion for a further discussion of the assignments.

Judgment reversed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.