DAVID B. NEWCOMB AND MARY E. NEWCOMB, *Plaintiffs in Error*, v. D. L. BELTON, *Defendant in Error*.

## Opinion Filed October 19, 1920.

1. Under the plea of the general issue in debt upon simple contract, express or implied, the burden is upon the plaintiff to prove every material fact which is alleged in his declaration.

2. Where a verdict is wholly unsupported by the evidence, it is the duty of the trial court to set it aside upon motion.

A Writ of Error to the Circuit Court for Sumter County; W. S. Bullock, Judge.

Judgment reversed.

*Gaines & Futch,* for Plaintiffs in Error;

*Glenn Terrell,* for Defendant in Error.

ELLIS, J.—D. L. Belton brought an action against Daid B. Newcomb and Mary E. Newcomb. The declaration defectively declares upon counts for "labor and services" rendered for the defendants by the plaintiff, for work and materials, money .paid and for "money requested by defendants for the use of the plaintiff." The bill of particulars showed that the demand was for "services in looking after and protecting lands and timber of Mary E. Newcomb and David B. Newcomb from July 19th, 1917, to January, 1919, at $100.00 per year, $140.00."

The defendants pleaded the general issue to the common counts. There was a verdict for the plaintiff in the

sum of $177.77. The court ordered a remittitur of $33.57 and entered judgment for $144.20, and the defendants took a writ of error.

The errors assigned are that the court erred in denying defendants' motion to set aside the verdict and award a new trial, and in entering judgment for the plaintiff.

The motion for a new trial consists of four grounds, three of which are in effect that the verdict is not supported by the evidence, and the fourth that the jury acted through passion or prejudice and were improperly influenced by considerations outside the evidence.

There was no evidence whatsoever offered by the plaintiff to support the declaration. There was no evidence of money paid by the plaintiff for the use of the defendants, nor of materials furnished. The last count in the declaration, which is for "money requested by the defendants for the use of the plaintiff," states no conceivable claim against the defendants. Assuming that the first count, which is for "labor done and services rendered," and the second count for "work done and materials furnished," correctly states a cause of action (See Sec. 1450, General Statutes, 1906), the evidence is wholly lacking to support them. The plaintiff testified that he was "employed by the defendants through Mary E. Newcomb to look after their lands in Sumter County and pay the taxes on same." That the only contract he had with the defendants is "contained in the letters between us." This with the letters constituted the evidence in his behalf, except that he testified that he showed the property to several people and notified Mary E. Newcomb that certain parts of their timber had been cut. The letters contain no offer or promise from the defendants to employ the plaintiff. The letter of July 19, 1917,

from Mary E. Newcomb stated that Mr. Budd had informed them that the plaintiff "looked after the timber for us," and that they would be pleased to have him do so again, and requested him to state upon what terms he would do it. The defendants offered in evidence a letter of the plaintiff dated July 24, 1917, in which the plaintiff stated that in reply to the defendants' letter of recent date he could "make an estimate of (your) their timber in the next thirty days and see that the taxes are properly assessed and see that no one trespasses on (your) their land for the next year for $100.00."

There was no acceptance of this proposition so far as the evidence discloses. The plaintiff himself testified that he was employed to look after the lands and pay the taxes, but there was no evidence of any employment, of any contract or agreement between the parties. If the plaintiff was relying upon an agreement to pay him a certain compensation for a certain service he failed to prove his case. If he relied upon a *quantum meruit* he failed because there was no evidence that he performed any service, nor was there any evidence of the value of what he claimed to have done.

Under the plea of the general issue in debt upon a simple contract, express or implied, the plaintiff has the burden of proving every material fact which is alleged in his declaration. See 1 Archbold's Nisi Prius, 303.

In this case the plaintiff should have proved the contract and his performance of it if he relied upon a simple contract, or the work done at defendants' request and value of it if he relied upon an implied contract; he did neither; so the verdict was not supported by the evidence.

The motion for a new trial should have been granted. The court erred in denying the motion.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J.J., concur.