ADAM SILCOX, *Plaintiff in Error*, v. ELBERT O. CORSA, *Defendant in Error*.

Opinion Filed November 8, 1920.

1. In an action at law where the plaintiff seeks to recover for services rendered by him, he is not entitled to recover therefor in the absence of any evidence as to the value of such services.

2. Where a verdict in plaintiff's favor is wholly unsupported by the evidence offered, it is the duty of the court to set it aside upon motion, and a failure to do so is error for which the judgment thereon will be reversed.

A Writ of Error to the Circuit Court for DeSoto County; John S. Edwards, Judge.

Reversed.

*W. C. Langford, Hilton S. Hampton* and *S. S. Sandford*, for Plaintiff in Error;

*Leitner & Leitner*, for Defendant in Error.

WEST, J.—In an action of assumpsit plaintiff, who is defendant in error here, sued the defendant, plaintiff in error here, to recover for the value of certain services alleged to have been rendered by plaintiff for defendant. The declaration contains only the common counts. The plea to the declaration making the issue upon which the case was tried is never was indebted as alleged. Upon a trial of this issue verdict was rendered and judgment entered for the plaintiff. Motion for new trial was denied.

The only question presented here is the sufficiency of the evidence to support the verdict. No attempt was made to prove the allegations of any except the count for work done and materials furnished by the plaintiff for the defendant. With respect to the proof under this count plaintiff, as a witness, testified in his own behalf that there was no contract or agreement between him and defendant as to the amount which he was to receive for the work performed by him. That he did perform some service for defendant is undisputed, but in the absence of proof of the reasonable value of such service plaintiff is not entitled to recover, and there is not in this record such evidence of the reasonable value of the service alleged to have been rendered as may be made a basis for the verdict. Dickerson et al. v. Langford, 69 Fla. 127, 67 South. Rep. 807; C. H. & N. R. Co. v. Burwell & Hillyer, 56 Fla. 217, 48 South. Rep. 213.

The motion for a new trial should have been granted and for the error in overruling it the judgment must be reversed.

Reversed.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.