FLORALA LUMBER COMPANY v. O. O. JONES.

192 So. 403
Division B
Opinion Filed November 28, 1939
Rehearing Denied December 21, 1939

*Coe & McLane* and *Purl G. Adams,* for Plaintiff in Error;
*James N. Elliot,* for Defendant in Error.

CHAPMAN, J.—The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court. On March 2, 1936, plaintiff filed its declaration in the Circuit Court of Okaloosa County, Florida, on the common counts and the bill of particulars attached claimed an indebtedness against the defendant in the sum of approximately $2,000.00. An affidavit in attachment was drafted under Sections 5255 and 5260 C. G. L. Writ of attachment issued out of the Circuit Court of Okaloosa County and property of the defendant was attached, but the property so attached was re-delivered to the defendant under a forthcoming bond. The case went to trial on a plea of never was indebted and a replication thereto on equitable grounds was filed by the plaintiff. A traverse of the affidavit in attachment was tendered. While other pleadings unnecessary to recite appear in the record, the aforesaid

issues were submitted to a jury and verdicts rendered, viz.:
(a) "We, the jury, find for the defendant on the attach-
ment;" and (b) "We, the jury, find for the defendant on
the merits of the cause of main suit."

The plaintiff, in a motion for a new trial, contended that
the verdicts as found by the jury were not only contrary
to the evidence, but there was no evidence adduced during
the progress of the trial which would support the verdicts.
The lower court overruled the motion for a new trial and
entered a final judgment for the defendant, and on appeal
in this Court it is contended that the judgment is not only
contrary to the law, but there is no evidence in the record
to support the verdicts as found by the jury.

The sole question for decision in this case is whether or
not the evidence adduced is sufficient to support the verdicts
and the judgment based thereon.

The evidence discloses that the defendant for several
years was the owner and operator of two small sawmills
which were situated near the Florida-Alabama line, and the
plaintiff for a number of years had financed the defendant
in the operation of the mills; the output thereof was by the
defendant delivered to the plaintiff, and when the same
was sold on the markets, the proceeds thereof were placed
to the credit of the account of the defendant with the
plaintiff.   The defendant, in addition to the two sawmills,
owned oxen, trucks and other property incident to the opera-
tion of a sawmill.   The plaintiff's place of business was in
Alabama and the defendant transacted business with plaintiff
at that point for many years, but the sawmill property was
at the time of the institution of the suit at bar situated in
the State of Florida.

A suit was filed by the plaintiff on the identical cause
of action here sued for in the Courts of Alabama and a

judgment therefor entered on the 9th day of November, 1936, as shown by a certified copy of the judgment appearing in the transcript. The judgment, in part, recites: "On this 9th day of November, 1936, came the parties, by their attorneys, and agreed, in open court, that a judgment be rendered for the plaintiff, Florala Lumber Company, a corporation, and against the defendant, O. O. Jones, for the sum of Eleven Hundred Fifty-two and 66/100 Dollars."

It will be observed that the defendant admitted the indebtedness to the plaintiff in the Alabama Courts and testified that he owned no property located in Alabama, and when the case was being tried in Florida, "involving the same cause of action," it was shown that the defendant owned property in Florida, but stated he thought or believed he had paid the plaintiff's claim. The jury was willing to accept his statement as to payment when it had before it a certified copy of a judgment from the Alabama Court in which the defendant admitted the indebtedness in the sum of $1,162.66. It is the sufficiency of the evidence to sustain the verdicts which is raised by the motion for a new trial. We are at a loss to reconcile the conflicting statements of the defendant made to the Court in Alabama to the effect that he was indebted to the plaintiff in the sum of $1,152.66, and across the line in the Florida court the same defendant on the same cause of action testified that he was not indebted to the plaintiff. The verdicts as found by the jury are not supported by the testimony. When the testimony fails to support the verdict a new trial should be granted. See Newcomb v. Belton, 80 Fla. 570, 86 So. 501; Silcox v. Corsa, 80 Fla. 677, 86 So. 611.

The judgment appealed from is reversed and a new trial awarded.

Whitfield, P. J., and Brown, J., concur.

Terrell, C. J., concurs in opinion and judgment.

Justices Buford and Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.