134 So.2d 519 (1961)
SMITH'S BAKERY, INCORPORATED, an Alabama corporation and Harold M. McNeil, Appellants,
v.
James B. JERNIGAN, Appellee.
No. C-473.
District Court of Appeal of Florida. First District.
November 16, 1961.
*520 Yonge, Beggs & Lane, Pensacola, for appellants.
Earl L. Lewis, Milton, and Ferrin C. Campbell, Crestview, for appellee.
STURGIS, Judge.
This is an appeal from a final judgment for plaintiff which was entered pursuant to verdict of the jury in a suit for personal injuries said to result from negligence of defendants in the operation of a motor vehicle.
At the close of plaintiff's case and again at the close of all the evidence, the defendants moved for a directed verdict on the ground, in substance, that the evidence was insufficient to establish negligence on the part of defendants proximately resulting in the alleged injury. The sole issue on this appeal is whether the trial court erred in denying said motions.
Reviewing the material and competent evidence in the light most favorable to plaintiff's case, this unfortunate accident occurred under the following circumstances: For some time prior to May 23, 1959, plaintiff operated a roadside grocery store in a rural area of Santa Rosa County. Over a period of two to three months prior to that date defendant Harold M. McNeil, in the course of his employment for defendant Smith's Bakery, Incorporated, as a route salesman, made calls in his employer's delivery truck at plaintiff's grocery for the purpose of selling and delivering bakery products to plaintiff. During that period it was his custom to park the truck in an area available for that purpose between the front door of the store and a gas tank stand operated by plaintiff which was located between the store and a public highway on which it fronted.
The area in front of the store was not hard-surfaced or covered with any substantial stabilizing material. However, at some unspecified time prior to the commencement of defendant McNeil's visits to the grocery the plaintiff on three intermittent occasions had caused a truckload of material, consisting of mixed dirt, sand and some gravel, to be scattered on the ground in the area around the front of the grocery, including that where defendant McNeil customarily parked the bread truck.
On the day of the accident defendant McNeil, in accordance with his custom, parked the truck near and in front of the door to the grocery, got out and delivered plaintiff's order of bread into the store, received payment for it from the plaintiff, and he and plaintiff then stepped outside the door "swapping conversation, one thing and another * * *." McNeil then entered the truck on the right-hand side and drove it off. As he did so one or both of its rear wheels spun, causing some dirt, sand and small pebbles from the ground to be thrown onto plaintiff, who was standing at the rear of the truck, some of which struck him in the right eye and caused injuries necessitating its removal.
Our research discloses no Florida case having a similar factual background. However, we follow the elemental rule that "foreseeability" is an essential element of actionable negligence. In Pope v. Pinkerton-Hays Lumber Co. (Fla. 1960), 120 So.2d 227, 229, cert. den. 127 So.2d 441, this court, in setting out the tests by which to determine whether proximate cause resulting in the injury is present in a particular *521 case, listed "foreseeability" with the comment that
"* * * there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence, although according to the decisions from some jurisdictions the particular injury or the manner in which the hazard operated need not have been clearly foreseeable; * * *." (See footnote 5 to said opinion citing applicable cases.)
Other jurisdictions faced with a similar factual situation have generally held as a matter of law that the evidence is inadequate to warrant a jury in finding the defendant guilty of negligence. To such effect is Miller v. Bolyard, 142 W. Va. 580, 97 S.E.2d 58 (W. Va. 1927), which reviews decisions of other courts upon the general subject. In the cited case the plaintiff while riding in a truck sustained severe permanent injuries when he was struck by a rock which had been embedded in and was thrown from the left rear dual wheel of another truck, operated by the defendant; the rock having hit against and passed through the windshield of the truck in which plaintiff was riding just as the trucks passed each other on the highway. On appeal from a verdict and judgment for plaintiff the West Virginia Supreme Court of Appeals held that the doctrine of res ipsa loquitur did not apply to such facts and that the evidence did not establish negligence of the defendant as the proximate cause of the injury to the plaintiff. While that case and the cases discussed therein relate to injuries sustained upon the public highways, no greater degree of care is required in the operation of a motor vehicle by a business invitee, as was the status of the defendants in the case on review.
The West Virginia court went so far as to say that even if the defendant, as a person of ordinary prudence, knew or should have known that a stone was wedged between the tires and rims of the left real dual wheel of his truck, he could not have foreseen or anticipated that an injury to persons or property on or near the highway might or would result from the operation of the truck in the manner in which he operated it under the attending circumstances shown by the evidence. Applying that concept, we conclude that the competent evidence reflected by the record in the case on review is such that even if the defendant driver of the bread truck here involved knew or should have known that some of the loose surface material on the area in front of defendant's grocery store, where he had regularly parked without incident, was wedged in the tires of his truck, he could not have reasonably foreseen or anticipated that an injury to persons near the rear of the truck would result from his operation of it in the manner as he did under the attending circumstances.
The proofs herein do not warrant an inference that the spinning of the wheel (or wheels) of the truck was caused by excessive speed or any other act of recklessness on the part of the defendant driver. The facts, moreover, do not permit application of the doctrine of res ipsa loquitur. Taken as a whole, the verdict of the jury is supportable only on the theory, which we do not indulge, that as a matter of common knowledge it was reasonably foreseeable that upon putting the truck in motion at that time and place and under the surface condition of the parking area in front of the store there would result a spinning of one or both of the rear wheels and that such, in turn, would cause the surface material to be picked up by the tires and thrown violently into plaintiff's face.
Reluctant as we are to interfere with a judgment based upon the verdict of the jury, it is elemental that at the trial the burden of proof rests on the plaintiff to establish by competent evidence each material fact essential to recovery and that upon failure to do so it is the duty of the trial court upon appropriate motion to take the case from the jury and direct a verdict for the defendant. Having concluded that there *522 was no competent evidence from which the jury might have found that the defendant operator of the subject motor vehicle committed an act of negligence proximately resulting in the injury sued on, it follows that the trial court erred in denying defendants' motion for a directed verdict.
Accordingly, the judgment appealed must be and it is hereby reversed, with directions to enter judgment for the defendants.
CARROLL, DONALD K., C.J., and WIGGINTON, J., concur.