PER CURIAM.
Appellants, plaintiffs below, seek reversal of an adverse final judgment entered subsequent to the trial court’s direction of a verdict in favor of the appellees at the close of the appellants’ case. We affirm.
The appellants brought this action for damages alleging that by reason of the ap-pellees’ negligent failure to write a liability policy on their apartment house, they had been forced to expend $15,500 in defending and settling a personal injury action brought by one of their tenants. The complaint alleged, inter alia, that the appellants purchased an apartment house and were advised at the closing that there was no liability insurance on the property. After the purchase, the appellants requested and the appellees agreed to check their insurance policies and write any additional policies necessary for complete coverage. It was further alleged that the appellee Ozon returned the policies to the appellants stating that all needed additional policies had been ordered and the property was completely covered when in fact no liability coverage had been written. The appel-lees answered in the form of a general denial. In due course the cause came on for trial which culminated in the judgment appealed.
The appellants have raised several points on appeal, all of which revolve around the alleged error of the trial judge in directing a verdict for the appellees. Having examined the record and briefs, and after hearing oral arguments of counsel, we conclude, as did the able trial judge, that the appellants failed to establish a prima facie case warranting the submission of this cause to a jury.
The allegations of their complaint having been met by a general denial, the burden was on the appellants to establish by competent evidence each material fact essential to recovery, Smith’s Bakery, Inc. v. Jernigan, Fla.App.1961, 134 So.2d 519; Newcomb v. Belton, 80 Fla. 570, 86 So. 501, including the existence of a valid and binding agreement between the parties that the appellees would procure adequate and complete insurance coverage for the appellants’ property. The record conclusively indicates that the appellants failed to sustain this burden. There was a total absence of proof of the appellees’ assent to the alleged agreement or that its terms and conditions were free from doubt, speculation and conjecture or that there was a sufficient meeting of the minds of the parties to establish an agreement. See Fla.Jur., Contracts, §§ 14, 15, 16 and 27. Under such circumstances it was the duty of the trial court, upon appropriate motion, to take the case from the jury and direct a verdict for the appellees. See Smith’s Bakery, Inc. v. Jernigan, supra; Newcomb v. Belton, supra. This it did.
Accordingly, the judgment appealed is affirmed.