236 So.2d 460 (1970)
UNITED BONDING INSURANCE COMPANY, a Corporation, Appellant,
v.
SOUTHEAST REGIONAL BUILDERS, INC., and Wesley C. Paxon Co., a Limited Partnership D/B/a Southeast Regional Builders, Ltd., Appellee.
No. M-412.
District Court of Appeal of Florida, First District.
June 16, 1970.
Rehearing Denied July 7, 1970.
*461 William C. Frye and Robert D. Bickel, of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellant.
Canto & Salter, Gainesville, for appellee.
WIGGINTON, Judge.
Appellant, a compensated surety, has appealed an adverse final judgment rendered by the court sitting as a trier of both the facts and the law. The primary point presented for decision challenges the correctness of the legal conclusions reached by the trial court which resulted in the holding that appellant was liable on the contractor's performance and payment bond issued by it.
Appellee, a limited partnership, was the prime contractor for the construction of an apartment complex in Gainesville. On June 29, 1966, it entered into an oral contract with a partnership consisting of Murray G. Newman and Edward L. Kenny d/b/a "10" Construction Company, by which the latter agreed for a stated consideration to furnish the labor, tools, equipment, and supervision to complete all carpentry work in accordance with the plans and specifications prepared for the construction of the apartment complex. One of the conditions of the contract was that the subcontractor furnish a payment and performance bond acceptable to appellee. In fulfillment of this obligation, Newman and Kenny consulted their local insurance agent and filed with him a written application for the required bond. In the application they designated themselves as a partnership d/b/a "10" Construction Company. This application was forwarded by their agent to appellant bonding company for acceptance and issuance of the bond.
On July 13, 1966, appellee prepared a purchase order embodying the terms and provisions of the oral agreement of June 29, 1966, and forwarded it to the subcontractor for execution. This purchase order designated the subcontractor as "10" Construction, and was received on July 15, 1966. At this point Newman and Kenny were in the process of incorporating their business and had filed the necessary papers with the Secretary of State to accomplish that purpose. For this reason the purchase order was not promptly executed by them but was held in abeyance pending receipt of their certificate of incorporation. In the meantime Newman and Kenny, acting in their capacity as a partnership in accordance with their oral agreement of June 29, 1966, commenced work at the jobsite. On July 21, 1966, a corporate charter issued to "10" Construction Company, Inc., in which Newman was named as president and Kenny as secretary-treasurer. Immediately upon receipt of this charter, the purchase order theretofore received by the subcontractor was signed by Newman as "president", the corporate seal affixed, and *462 the conformed copy returned to appellee who was then made aware that the structure of Newman and Kenny's business had been changed from a partnership to a corporation. Newman and Kenny continued for an undisclosed period of time to render performance under their subcontract as a partnership, but subsequently commenced designating their business as a corporation in letters and other documents executed by them.
The application of Kenny and Newman for a performance bond filed at the time they were doing business as a partnership was finally processed by appellant bonding company and the bond was issued by it on July 29, 1966, designating Newman and Kenny, a partnership d/b/a "10" Construction Company, as principal and appellee as obligee. The bond was executed in the name of appellant by its attorney-in-fact at Tampa and forwarded by mail to the local insurance agent of Newman and Kenny at Gainesville for execution by and delivery to the principal and the obligee. The execution clause in the bond carried the typewritten name of the principal as "10" Construction Company followed by two lines under which the names of Newman (partner) and Kenny (partner) were typewritten. When the bond was executed by the principal, the designation (partner) was lined out by pen and the corporate official designation "pres." was written after Newman's typewritten name and the designation "secretary" was written after Kenny's typewritten name. No copy of the executed bond was either requested or required by appellant so the fully executed bond was delivered only to the prime contractor as obligee and a conformed copy retained by Newman and Kenny's local insurance agent. The changes made in the form of the bond by Kenny and Newman at the time of its execution by signing it in their official corporate capacities rather than as partners of "10" Construction Company was neither communicated to nor known by appellant until this suit was filed against it.
Newman and Kenny continued to perform under their subcontract until October 14, 1966, when they notified appellee that they were unable to proceed further in the performance of their contractual obligations. The fact of this default was communicated to appellant, and appellee completed the subcontract at a net cost to it of an amount in excess of $18,000.00. When appellant was called on by appellee to reimburse it for the loss it sustained due to the default of Newman and Kenny under their subcontract, appellant disclaimed all liability, whereupon this action was instituted. After hearing the evidence adduced by the respective parties, the trial court rendered judgment in favor of appellee prime contractor on the performance and payment bond issued by appellant.
Appellant contends that it issued the surety bond involved in this case to Newman and Kenny, a partnership d/b/a "10" Construction Company, which partnership was specifically named as the principal in the bond. It insists that its obligation therefore extended only to such damages as may have been suffered by appellee obligee of the bond as a result of the default of Newman and Kenny, a partnership. Appellant takes the position that since the bond issued by it was altered without its knowledge or consent when the principal was changed from the partnership to "10 Construction Company, Inc., a corporation, and appellee accepted the corporation as its subcontractor to perform the subcontract rather than the partnership named in the bond, the bond became void and imposed no further liability on appellant as surety. Appellant argues that this act constituted a complete novation whereby the partnership was relieved of the obligation to perform its oral contract which was abandoned by the mutual consent of the parties and the corporation substituted in its place, thereby releasing appellant from any further obligation on the surety bond issued by it.
In support of its position that the subcontract between appellee and Newman *463 and Kenny, a partnership, was effectively terminated, appellant relies upon the well established principle that no recovery may be had on a contract if it has been abandoned and another contract entered into in its place.[1] Under such circumstances, the acceptance of the second contract to take the place of the first constitutes a novation relieving both parties from any further obligations under the first and abandoned contract.[2]
Two of the essential elements which must be present in order for novation to occur are (1) an agreement by the parties to cancel and extinguish the first debt or obligation; and, (2) agreement of the parties that the second contract or agreement takes the place of the first obligation.[3]
The evidence supports the conclusion and the trial court found that Kenny and Newman commenced work under their oral contract with appellee in their capacities as partners d/b/a "10" Construction Company. They continued to operate as partners in the discharge of their contractual obligations from July 15, 1966, until sometime in August, 1966. At that point they apparently commenced operating as a corporation under the charter recently issued by the Secretary of State, and were so operating on October 14, 1966, when they abandoned the contract and ceased work. Appellee's superintendent in charge of construction testified that all of his dealings in connection with the carpentry work were with Kenny and Newman personally, and that he did not concern himself with the manner in which they designated their business. We fail to find in the record any evidence which affirmatively establishes that a definite agreement was reached by appellee and Kenny and Newman to cancel their oral agreement of June 29, 1966, in which Kenny and Newman designated themselves as partners, and to substitute in its place the written purchase order designating the subcontractor as a corporation, thereby releasing Kenny and Newman from all personal obligations to perform the contract as originally agreed upon. Because of this posture of the evidence we cannot agree with appellant's contention that the trial court erred in refusing to hold that a novation had occurred and the partnership named as principal in the bond issued by appellant had been released from all liability under its oral contract.[4]
Appellant has failed to demonstrate how it has been prejudiced or its lawful rights violated by the act of Kenny and Newman in changing their designation in the performance bond from a partnership to a corporation. Before appellant issued its bond, it required Kenny and Newman together with their wives, to execute and deliver to it an indemnity agreement by which they personally agreed to indemnify appellant for any damages it might suffer as a result of furnishing the bond issued by it. In the case sub judice appellant counterclaimed against Kenny and Newman, together with their wives, asking for judgment against them for such amount as it may be found liable to appellee on its bond. The trial court found in appellant's favor on its counterclaim and rendered judgment in favor of appellant for the exact amount awarded appellee against appellant. Even though during the course of their performance the manner in which Kenny and Newman conducted their business changed from a partnership to a corporation, the terms and provisions of the contract never changed and the same persons performed the work under the contract. The alterations in the bond by Kenny and Newman cannot be said to have injured *464 appellant to any greater extent than it would have been injured had the alterations not been made. In holding that a compensated surety would not be relieved of its obligations under its performance and payment bond merely because the principal made payments to his contractor contrary to the provisions of the contract, in the absence of a showing that such violation injured the bonding company, the Supreme Court in Gibbs v. Hartford Accident & Indemnity Co.[5] said:
"It is more than difficult for us to understand why a compensated surety should be discharged from the obligation of the performance bond if in fact said surety has sustained no injury as the result of premature payments to the contractor. * * * "
The trial court specifically found from the evidence that the corporation, "10" Construction Company, Inc., was the alter ego of Newman and Kenny, a partnership d/b/a "10" Construction Company, insofar as the plaintiff is concerned. Upon this finding the trial court concluded that the act of changing the name of the principal in the bond from the partnership to the corporation without appellant's knowledge or consent was immaterial. With this conclusion we are inclined to agree,[6] although a contrary conclusion might be reached if the suit were by an alleged defrauded creditor against the partners.[7]
There is another cogent reason why appellant is not entitled to prevail. Its bond was issued and executed by its agent in Tampa and mailed to Newman and Kenny's insurance agent in Gainesville. The latter agent did not represent appellant and owed it no particular obligations. Appellant left it to the agent of Kenny and Newman to see to it that the bond was properly executed by them in their capacities as partners d/b/a "10" Construction Company. Appellant made no requirement that a copy of the bond, when fully executed, be returned to it for its examination and records. Appellant's Tampa agent testified that it is the practice in the industry under circumstances of this kind for the company issuing the bond to depend upon the local agent to whom it is sent to see to its proper execution. It affirmatively appears, therefore, that appellant adopted a business practice which made it possible for Kenny and Newman to alter the bond after it was received by their local agent by changing the designation of the principal from that of a partnership to a corporation. Appellee accepted the bond in good faith as it did the written purchase order, in each of which the subcontractor was designated as a corporation. It is an accepted principle that where one of two innocent parties must suffer as a result of the action of a third party, the damages must fall on that innocent party which made possible the commission of the act which caused the damage. The onus in this case must fall on appellant and not on appellee.
We have carefully considered appellee's cross-assignments of error which challenge the propriety of the deductions allowed appellant against the amount found to be due appellee for completing the defaulted contract. The conclusion reached by the trial court was based upon the evidence adduced before it and reaches this court clothed with a presumption of correctness. We find competent evidence to support the trial court's findings so they will not be disturbed. The judgment appealed is affirmed.
JOHNSON, C.J., and SPECTOR, J., concur.
NOTES
[1] Sinclair Refining Co. v. Butler (Fla.App. 1965), 172 So.2d 499; Dickerson v. Lankford, 69 Fla. 127, 67 So. 807.
[2] Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284; 23 Fla.Jur. 485-486, Novation, § 2.
[3] 23 Fla.Jur. 486-488, Novation, §§ 4, 5, 6.
[4] Belaire Securities Corporation v. Brown, 124 Fla. 47, 168 So. 625.
[5] Gibbs v. Hartford Accident & Indemnity Co. (Fla. 1953), 62 So.2d 599, 602.
[6] Consolidated Rock Products Co. v. DuBois, 312 U.S. 510, 61 S.Ct. 675, 85 L.Ed. 982.
[7] Advertects, Inc. v. Sawyer Industries (Fla. 1955), 84 So.2d 21.