## ARENADO, etc., et al. v. FLORIDA POWER & LIGHT COMPANY, etc., et al.

### Case No. 84-5275 CA(L) H

Fifteenth Judicial Circuit, Palm Beach County

June 24, 1985

### APPEARANCES OF COUNSEL

**Marc Postelnek** for plaintiffs.

**James R. Cole** for defendant, Florida Power & Light Company.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court on February 15, 1985 on Defendant, Florida Power & Light Company, motion to strike (Docket Entry 14) and motion to dismiss (Docket Entry 13). The Court having studied the legal authorities provided and having heard the arguments

of counsel, and being otherwise fully advised in the premises, finds as follows:

1. This is a wrongful death action wherein Susanna Arenado, deceased, was driving a vehicle which became involved in an automobile accident at the intersection of Summit Boulevard and South Congress Avenue, West Palm Beach, Florida, at 1:04 A.M. on the morning of March 12, 1983. At the time of the automobile accident, the overhead traffic signal was not operational due to a power failure. The power failure was the result of several electrical distribution lines being struck down due to a tree branch falling over the lines paralleling South Congress Avenue, at some point between Gun Club Road and Forest Hill Boulevard. The power failure began at 12:59 A.M. and a service team from Florida Power & Light commenced repair work at 1:09 A.M., ten minutes later. At this time Susanna Arenado was headed eastbound on Summit Boulevard and as she proceeded through the intersection with Congress Avenue (SR 807), her car collided with a vehicle headed southbound on Congress Avenue driven by one Rene Demers. Within three hours of the accident, Susanna Arenado died.

2. Edward Arenado sued individually and on behalf of the estate of Susanna Arenado, various parties among them defendant, Florida Power & Light Company. Florida Power & Light Company moved to strike those counts I, II and III of the complaint directed against it.

3. The motion to strike Count I of the complaint should be granted without prejudice to the plaintiff. Under Florida law, defendant Florida Power & Light Company has an obligation to do all that it can reasonably do to protect those who use its electricity. *Rice v. Flower Power & Light Co.*, 363 So.2d 834 (Fla. 3rd DCA 1978). However, Florida Power & Light Company is not an insurer against all possible accidents. *Id.* see *Escambia County Electric Light & Power Co. v. Sutherland*, 61 Fla. 167, 55 So. 83 (1911). Generally, if a defendant cannot reasonably foresee any injury as the result of its acts, there is no negligence and no liability. W. Prosser, *Law of Torts*, Chap. 43 (4th Ed. 1971). In Florida, foreseeability is an essential element of actionable negligence. *Smith Bakery, Inc. v. Jernigan*, 134 So.2d 519 (Fla. 1st DCA 1961). Plaintiff Edward Arenado has not laid a factual predicate on the face of his complaint that Defendant Florida Power & Light Company foresaw or could have foreseen the events leading up to the accident.

4. The motion to strike Count II of the complaint should be granted also without prejudice. Florida Statutes Section 366.03 does not create a private cause of action for personal injury resulting from a lapse in electrical service.

5. The motion to strike Count III of the complaint should be granted without prejudice. Plaintiff Edward Arenado has failed to set forth the standard required under Florida law for punitive damages. See *Como Oil Co. v. O'Laughlin,* 466 So.2d 1061 (Fla. 1985); *White Construction Co. v. DuPont,* 455 So.2d 1026 (Fla. 1984).

It is therefore

ORDERED AND ADJUDGED as follows:

1. The motion to strike Count I of the complaint is granted without prejudice.

2. The motion to strike Count II of the complaint is granted without prejudice.

3. The motion to strike Count III of the complaint is granted without prejudice.