ANDERSON CARRIAGE COMPANY *vs.* JAMES BARTLEY.

Piscataquis.    Opinion June 5, 1907.

*Cases on Report.    Evidence.    Conditional sales.    Title retained by vendor.    Payment*
*"in money."    Acceptance of note no waiver of condition, when.    Replevin.*
*Mortgage given by vendee no defense against vendor, when.*
*R. S., chapter 113, section 5.*

1.  In cases heard on report, the court will consider only such evidence as is competent, relevant and legally admissible, unless otherwise stipulated.

2.  When a plaintiff in replevin claims title under the defendant's written order for goods, by the terms of which the vendor is to retain the title until the price is paid, proof of the execution of the order is essential before it can be properly admitted in evidence.

3.  But when such an order is admitted, against objection, without proof of execution, and the case is thereafter reported to the Law Court for its determination, and it appears from the whole record that the order was executed by the defendant, the objection is no longer tenable.

4.  When a purchaser in his written order for goods stipulates that the title to them shall remain in the seller until payment of the price "in money," and it is therein also provided that a note may be given for the price, the acceptance by the seller of the purchaser's negotiable note for the price, is not to be deemed a waiver of the condition of the sale, so as thereby to pass the title to the purchaser, unless it appears to have been so intended.

5.  If the purchaser of goods under a conditional sale mortgages them before the instrument of sale is recorded in the town clerk's office, such mortgage is not a defense in an action of replevin by the seller against the purchaser. The rights of the mortgagee are not affected. But the mortgager cannot set up the mortgage lien created by himself as a defense.

On report.    Judgment for plaintiff.

Replevin for five wagons, bargained for in 1903 and delivered by the plaintiff to the defendant in the spring of 1904.    Writ dated October 18, 1904.    Plea, the general issue with brief statement as follows:

"And for brief statement, defendant further says:

"That he denies that the title to the goods replevied was in the plaintiff at the date of the writ but claims that the title to the light delivery wagon number 104, also to Riverside Heavy Spring Wagon Number 101 was in the Milliken-Tomlinson Company and that the title to the other goods replevied was in Woodruffe Bartley."

Woodruffe Bartley is the son of the defendant.

The written order given by the defendant to the plaintiff when the wagons were ordered, contained, among other things, the following stipulations :

"Please ship          on          , or as soon thereafter as possible, the following vehicles, subject to terms and conditions herein and warranty printed on back hereof, which is part of this agreement.

"This order is given subject to your approval and acceptance, and cannot be countermanded without your written consent. Title to the goods shipped on this order and all future orders, for any vehicles is to remain in The Anderson Carriage Co., its successors or assigns, until paid for in money, and should said company deem itself insecure at any time, the buyer agrees to give acceptable security, or said account or any notes taken thereon are to become immediately due and payable, and said company may take possession of its goods or bring action on said note or account. The terms of this agreement shall be binding upon all goods shipped, whether ordered by mail or otherwise. After acceptance of the order The Anderson Carriage Co., agrees to ship all goods it is able to supply, but it is not to be held liable for damages for unfilled portions of any order."

Tried at the February term, 1906, of the Supreme Judicial Court, Piscataquis County. The following question was submitted to the jury :  "Was the alleged sale of carriages by James Bartley & his son Woodruffe Bartley an actual sale in good faith?" Answer "No."

The case was then "reported to the Law Court with the special verdict, for determination of the whole case."

The case appears in the opinion.

*Hudson & Hudson,* for plaintiff.

*A. L. Fletcher,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

SAVAGE, J. Replevin of five wagons, bargained for in 1903 and delivered by the plaintiff to the defendant in the spring of 1904. The plaintiff claims title by virtue of the terms of the defendant's written order for the wagons, by which it was stipulated that the "title to the goods shipped on this order . . . . is to remain in the Anderson Carriage Co., its successors and assigns, until paid for in money." The defendant pleaded the general issue, and by way of brief statement denied plaintiff's title, and claimed that the title to two of the wagons was in the Milliken-Tomlinson Company, and that the title to the other wagons replevied was in his son. The issue as to the son's title was submitted to a jury, which returned a special finding adverse to the defendant's claim. Thereupon the case was reported to this court for final decision, upon the evidence and special finding.

Under the pleadings, the burden was on the plaintiffs to show title. *Cooper* v. *Bakeman*, 32 Maine, 192; *Pope* v. *Jackson*, 65 Maine, 162. The defendant contends that the plaintiff has failed to produce competent, admissible evidence of title, and further he contends, and correctly, that in cases heard "on report" the court should consider only such evidence as is competent, relevant and legally admissible, unless otherwise stipulated. At the trial plaintiff was permitted, "subject to the defendant's objection," to introduce the written order under which it claims title, without proof of its execution by the defendant. Undoubtedly proof of its execution was essential before it could be properly admitted as evidence, since it did not come within the provisions of Rule X. But, on report, we have to decide upon the record before us, and there is plenary, legitimate proof in the record that the order was executed by the defendant. The defendant, while not now denying the execution of the instrument, complains that he was put to some tactical disadvantage by the fact that the plaintiff was relieved from proving the execution at the outset. If the defendant felt aggrieved, he should have taken

exceptions, and not have consented to a report. Since the fact of execution is proved, the objection that the order was formally admitted before proof of execution is not tenable on report.

When the plaintiff delivered the wagons upon the defendant's written order containing the stipulation expressed above as to title, the transaction constituted a conditional sale. Payment for the wagons was made a condition precedent to the passing of the title. Until payment, the plaintiff's title was good as against the defendant, without record in the town clerk's office, R. S., ch. 113, sec. 5; and after such record it was good as against subsequent purchasers or mortgagees.

The case shows that after the wagons were delivered the plaintiff solicited and received the defendant's negotiable note for the amount due on the wagons and on a prior account. The defendant contends that the note was a payment, that the receipt of it was a waiver of the condition of the sale, and that the title to the wagons thereupon passed to him. We do not think so. The contract provided that the title should remain in the plaintiff until payment "in money." It also provided for the giving of a note for the price. The note given was presumptively a payment of the price, but it was not a payment "in money." It changed the form of the indebtedness, but we think that accepting it was not a waiver of the condition, and so did not release the security, unless it was so intended. There is nothing in the case to show such an intent, and such an intent cannot be presumed under the circumstances disclosed. *Crosby* v. *Redman*, 70 Maine, 56. The case of *Boynton* v. *Libby*, 62 Maine, 253, cited by the defendant, differs from the one at bar, in that, there was no provision in the contract of sale in that case that the title should remain in the vendor until payment *in money*, nor that a note might be given for the price. It follows then that the plaintiff, at the time of bringing the suit had both the title and the right of possession to all the wagons replevied, as against the defendant.

It appears, however, that two wagons were mortgaged by the defendant to the Milliken-Tomlinson Company before the written

order of the defendant to the plaintiff was recorded in the town clerk's office, and the defendant claims that they were among those replevied.    He offers the Milliken-Tomlinson mortgage as a defense in this action, as to two of the wagons.    The plaintiff disputes the identity of the wagons mortgaged.    But even if we assume that the wagons mortgaged were among those replevied, we think the mortgage affords no defense to the defendant.    He does not claim under the Milliken-Tomlinson Company so as to be entitled to make any defense that that company might make, but the company must claim, if at all, under him.    That company is not a party to this suit, and will not be affected by this judgment.    The mortgage given by the defendant did not divest the plaintiff of all title to the wagons, as a sale would have done.    It still held the title subject to the mortgage.    It had a right to redeem from the mortgage.    The defendant cannot set up this mortgage lien created by himself as a defense to this suit.

*Judgment for the plaintiff.*
*Damages assessed at $1.*