ODOM, ARCHIE M., Associate Judge.
Appellee, plaintiff below, brought this action to foreclose a mortgage and for a deficiency decree if the debt was not satisfied by the sale of the property. Appellant, defendant below, answered, admitting default, but affirmatively asserting that it had deeded subject property to appellee, consequently, appellant would not be liable for attorney fees or a deficiency. The answer also alleged that the value of the property exceeded the debt.
Appellee filed a motion for summary decree supported by affidavits. The cause came on for hearing on said motion with the record in this state. Summary decree was granted in favor of appellee. Subsequently, appellant filed two affidavits, one creating no issue, but the other set forth the fact that the initial contract between appellant and appellee contained a provision that the mortgage would be the sole security for the debt. This latter affidavit was filed three days after the order granting summary decree was entered.
Final decree of foreclosure was entered for $25,402.00 containing an upset price of $17,500.00 based on an appraisal ordered by ' the Court and the property was bid in at the upset price by appellee leaving a difference 1 or deficiency in an amount in excess of $9,000.00.
*694 Appellee applied for a deficiency decree supporting the application with the appraisal used by the court in establishing the upset price. Appellant offered testimony of an expert who testified that the value of the property was in excess of $25,000.00.
The Court entered a deficiency decree in the amount of $6,233.75. It is from the-final summary decree and the deficiency decree that this appeal is taken.
The notice of appeal filed by appellant asserts that this appeal is from the deficiency decree but makes no mention of the final summary decree, hence appellant cannot now be heard on his complaints regarding said summary decree. See Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175.
In attacking the deficiency decree the first point raised by appellant can be stated as follows:
Did the Trial Court abuse its discretion in entering a deficiency decree for appellee where the contract for sale provided the mortgage was to be the sole security for the debt but this provision was not carried forward in the mortgage by mistake or inadvertence.
The only place in the record where any mention is made of the sales contract is in the affidavit opposing summary decree filed three days after the hearing on the same. Appellant made no attempt to amend the answer to set up this defense. Appellant relies on the fact that a motion to strike said affidavit was denied and that the same should be considered as an amendment of the pleadings. It doesn’t appear that this-question was ever raised in the Trial Court on the hearing for a deficiency decree and no evidence was proferred or offered to support appellant’s contention.
This Court will not consider questions raised for the first time in this Court. See Jones v. Neibergall, Fla., 47 So.2d 605; Mariani v. Schleman, Fla., 94 So.2d 829; Alliance for Conservation of Nat. Resources v. Furen, Fla.App., 122 So.2d 51.
Appellant’s next question can be stated as follows:
Did the Trial Court abuse its discretion in entering a deficiency decree upon the basis of the equitable consideration pending before it?
We have examined the record and find there is evidence to support the findings of the Chancellor, consequently, we will not disturb those findings. See Tendler v. Gottlieb, Fla.App., 126 So.2d 308; Marucci v. Linder, Fla.App., 177 So.2d 237.
The decree appealed from be and the same is hereby affirmed.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.