McNULTY, Chief Judge.
Appellants, as official liquidators of a defunct Bahamian bank, appeal a declaratory judgment denying them the right to certain interest payments claimed due under a certain letter “agreement” entered into in September 1973. We reverse.
Prior to the letter agreement aforesaid, appellee Thompson had been indebted to the defunct bank on a promissory note which was executed on October 30, 1971 to consolidate two earlier notes. The bank went into compulsory liquidation before *303 November 1, 1972, the date on which certain payments were due on the consolidation note. Apparently confused because of disarray in the bank’s records due to the liquidation, and still prior to the aforesaid November 1 due date, appellants prematurely demanded payments (inaccurate payments, at that) on appellee’s obligation to the bank. As a result of this confusion, appellee made no payments on the November 1 due date and a series of negotiations ensued between appellants’ attorneys in Tampa and the appellee which culminated in the subject September 1973 letter agreement herein.
This agreement provides that it was mutually agreed that the true indebtedness was $137,656.40, the precise amount of the November 1971 consolidation note, as contended for by appellee all along. It further provides that upon the execution thereof appellee was to pay certain principal and interest payments due on the note to that date (which were in fact paid) and that a specified portion of the accrued interest payable was to be deferred until January 2, 1974. Since the letter agreement was executed in September 1973, the principal and interest figures referred to therein relate only to the amounts accrued to that time from the execution of the note in 1971. There is, however, an express reference to an amount of principal which was to become due on the ensuing November 1, but no reference was made to any interest payment payable on that date. The only mention of interest payable in the future was the above-referred to interest payment which was deferred until January 2, 1974.
Appellants contend that the failure to mention the interest payable on November 1, 1973 was inadvertent and did not constitute a waiver thereof; and even if it did, they say, it was unsupported by consideration. Appellee, on the other hand, contends that there was a waiver of that interest, that the omission was not inadvertent at all and that the subject letter agreement was in effect a binding novation settling out differences in a bona fide dispute as between the parties.
We agree with appellants. The record is simply devoid of any evidence establishing legally sufficient consideration to support the alleged new contract between the parties. The letter agreement constitutes no more than a consolidation or summarization of what appellee’s obligations were in fact, together with a gratuitous agreement on the part of appellants to defer certain interest payments (at ap-pellee’s request and obviously for his tax benefit) until the next ensuing tax year. It did not amount to a legally binding contract as between the parties merely because a presumably good faith dispute necessitated clarification negotiations to spell out the true obligation of appellee.
Appellee suggests that the dispute, allegedly resolved by the letter agreement, included certain credits due from the bank to appellee. Specifically, he refers to a savings account in the bank in the sum of some $500. Nowhere does it appear, however, that this “credit” was settled out by the letter agreement nor does it, indeed, appear that appellee is precluded from claiming it as a setoff against his remaining obligation to the bank. We cannot find, therefore, where the dispute surrounding this particular credit was consideration for the agreement.
Appellee further points out that, there having been a bona fide dispute (brought about by the disarray of the bank’s records as aforesaid) which was resolved by the letter agreement, substantial payments were made to the bank as a result thereof at a time when the bank was in distress and obviously needed the money. This cannot constitute sufficient legal consideration either, however, for the clear reason that such sums were already due, owing, unpaid and payable to the bank. It sought and got nothing more than it was entitled to. Moreover, that’s what liquidation proceedings are all about anyway — to *304 marshal existing or accrued assets of the bankrupt.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and SCHEB, JJ., concur.