348 So.2d 72 (1977)
VANGUARD CONSTRUCTION COMPANY, INC., Stanley Poole, Ranald Stewart, and Michael Glantz, Appellants,
v.
The LEWIS STATE BANK, a Florida Banking Corporation, Appellee.
No. Z-324.
District Court of Appeal, State of Florida, First District.
July 22, 1977.
*73 M. Stephen Turner of Thompson, Wadsworth & Messer, Tallahassee, for appellants.
John D. Buchanan, Jr. of Henry & Buchanan, Tallahassee, for appellee.
SMITH, Judge.
Vanguard and three of its officers appeal from a deficiency judgment entered for the bank following a foreclosure sale of land mortgaged to the bank to secure Vanguard's debt. The individual appellants endorsed the corporate note and therein consented "to any extensions or renewals without further notice." They did not individually execute the later extension agreement between Vanguard and the bank, although appellant Stewart signed as president of Vanguard. The extension agreement increased interest payable from 11 to 15 percent. The circuit court entered a deficiency judgment against Vanguard for the difference between the principal debt and the land's market value at the time of foreclosure, with interest at the contract rates, and against the individuals for same principal deficiency, with interest at 10 percent.[1] The trial court rejected the claim of all appellants that a deficiency judgment was in the circumstances inequitable, and rejected the individuals' claim they were discharged by the extension at increased interest to which, they say, they did not consent.
The trial court did not err in declining to discharge the individual endorsers. The bank's loan officer testified without contradiction that "the principals," meaning the three endorsers, requested the extension agreement. The endorsers' answer, prepared by former counsel, raised no claim of discharge, although it pleaded other affirmative defenses. The issue of discharge was not otherwise raised before entry of the foreclosure judgment. After the sale, in which the bank successfully bid a nominal sum for the land, the endorsers *74 raised the issue obliquely by a motion for judgment on the pleadings[2] and by argument at the hearing on deficiency issues. The trial court treated the issue as litigated, at least by argument, and ruled on the issue when entering the deficiency judgment. The necessity for pleadings required by Diversified Ent. of Florida, Inc. v. Holt, 188 So.2d 693 (Fla. 2d DCA 1966) was therefore waived. See Fla.R.Civ.P. 1.190(b). However, the trial court's consideration of argument on the issue cannot here obviate the endorser's lack of evidence showing error in the ruling. Except for the absence of their endorsements on the written extension agreement, the record contains no evidence that these officers of Vanguard, all of whom requested the extension and one of whom signed it for Vanguard, did not consent to the extension. Therefore, even assuming that endorsers may be discharged by their lack of consent to an extension agreement binding the principal obligor to pay greater interest,[3] the absence of their physical endorsements of the extension agreement is not conclusive on the issue of their consent, which may be established by other evidence. See A. Stearns, Law of Suretyship 129 (5th ed. 1951):
"Parties to a contract may always alter it by mutual agreement and this is as true of suretyship contracts as others. Accordingly, if the creditor and principal modify their contract, and the surety consents thereto, he will not be discharged. Such consent need not be expressly given, but may be implied from the surrounding circumstances or from his conduct."
Nor did the trial court err in its disposition of the claim of all four appellants that any deficiency judgment is in these circumstances inequitable. The amount of the appraisal which the bank secured before making the loan did not, as a matter of law, foreclose the bank from proving in deficiency proceedings that the market value of the property foreclosed and bought in for a nominal bid was less than the appraisal. The trial court properly considered equitable and other relevant factors in determining the amount of the deficiency judgment, and we should defer to that court's finding. Maudo, Inc. v. Stein, 201 So.2d 821 (Fla. 3d DCA 1967).
AFFIRMED.
MILLS, Acting C.J., and DRURY, ARVEL, Associate Judge, concur.
NOTES
[1] See § 687.11(1), Fla. Stat. (1975): "No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required ... to pay any interest in excess of 10 percent per annum, and any interest claimed ... against such individual in excess of 10 percent per annum shall be forfeited... ."
[2] Matters outside the pleadings may not be considered on such a motion. Reinhard v. Bliss, 85 So.2d 131 (Fla. 1956).
[3] See Miami Nat'l Bank v. Fink, 174 So.2d 38 (Fla. 3d DCA 1965), cert. den., 180 So.2d 658 (Fla. 1965); Simpson, Handbook on the Law of Suretyship 357-58 (1950). But see Taines v. Capital City First Nat'l Bank, 344 So.2d 273 (Fla. 1st DCA 1977), in which we held accommodation parties not discharged when they consented to "any extensions or renewals of this note." The accommodation parties contended the extension agreement "drastically altered" the obligation of the original note, in part by changing the principal obligor's obligation for interest from the Chase Manhattan prime rate (but not less than 8% nor greater than 15%) to a constant 10%. Although no difference between the Chase Manhattan prime rate and 10% was in fact shown, the opinion in Taines did not turn on the absence of that proof. Contrast Chris Craft Ind., Inc. v. Van Valkenberg, 267 So.2d 642, 646 (Fla. 1972), in which the Supreme Court held a guarantor not discharged when he consented to "any extensions, renewals, alterations, amendments or waivers ... of any of the terms and provisions of said promissory note including ... the... amount and time of payment... ." It is unclear whether in Chris Craft the same result would have attached to the accommodation party's earlier consent only to "all extensions and renewals."