366 So.2d 1202 (1979)
MIAMI NATIONAL BANK, Appellant,
v.
FORECAST CONSTRUCTION CORPORATION, David H. Siegel and Jeannette H. Siegel, and Herbert N. Siegel and Eleanor J. Siegel, Appellees.
No. 77-2602.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Rehearing Denied February 23, 1979.
*1203 Helliwell, Melrose & DeWolf and Robert J. Schaffer, Miami, for appellant.
Howard A. Rose, Miami Beach, for appellees.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Miami National Bank, plaintiff, appeals a final judgment entered pursuant to a jury verdict in favor of defendants Herbert and David Siegel, personal guarantors on a promissory note.
On July 23, 1974 Miami National Bank loaned defendant Forecast Construction Corporation, a home builder, $20,000 which was evidenced by a promissory note payable on October 21, 1974. The note was individually guaranteed by Herbert Siegel, president of Forecast, and his father, David Siegel. Forecast defaulted on the note and the Bank instituted suit against Forecast and joined the Siegels as guarantors. Subsequently David Siegel entered into negotiations with the Bank, and the parties in April, 1975 agreed that David Siegel would make a $3,500 prepaid principal reduction plus all of the accrued interest on the debt and the future interest as it accrued for one year within which time he would attempt to pay the unpaid balance of the indebtedness. In addition, the Bank was given physical possession of two mortgages held by Forecast and the monthly payments received therefrom would be applied toward the indebtedness. David Siegel paid the Bank $3,500 and accrued monthly interest, and the Bank dismissed the suit. In December, 1975 David Siegel informed the Bank he was unable to continue the payments and offered an assignment of the mortgages in exchange for a release as guarantor as he contended was agreed by the parties in April. The Bank denied making any such agreement with respect to a release, refused the assignment and filed the present action against Forecast and the Siegels who primarily defended on the ground that in April, 1975 they had negotiated a novation agreement resulting in a revocation of their guarantees. The cause was tried by jury which returned a $15,209 verdict only against Forecast. The Bank moved for *1204 judgment in accordance with its motion for directed verdict on the ground that the Siegels failed to present evidence of legally sufficient consideration of a revocation agreement. The motion was denied, judgment was entered in favor of the Siegels in accordance with the verdict and this appeal ensued.
The Bank primarily contends that the evidence presented by the Siegels as personal guarantors was legally insufficient to prove up a novation agreement. We find merit in this contention.
A novation is a mutual agreement between the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation and like all contracts must be based upon adequate consideration. Murphy v. Green, 102 Fla. 102, 135 So. 531 (1931). Two of the essential elements which must be presented in order for a novation to exist are (1) an agreement by the parties to cancel and extinguish the first debt or obligation, and (2) agreement of the parties that the second contract or agreement takes the place of the first obligation. United Bonding Ins. Co. v. Southeast Reg. Bldrs., Inc., 236 So.2d 460 (Fla. 1st DCA 1970). In addition, although the question of novation is controlled by the intention of the parties and generally is a proper question to be submitted and determined by the jury,[1] the party pleading the novation as an affirmative defense has the burden of proving it by clear and satisfactory evidence. Babe, Inc. v. Baby's Formula Service, Inc., 165 So.2d 795 (Fla. 3d DCA 1964).
With respect to the affirmative defense of novation, the evidence presented by David and Herbert Siegel consisted only of the testimony of David Siegel as to the installment payment arrangements (set out above) to pay the indebtedness of Forecast and the bare contention that if he could not pay off the outstanding indebtedness, then in lieu thereof the Bank would accept transfer of the two mortgages held by Forecast as complete satisfaction. The Siegels presented no documentary evidence in support of their defense of novation. Upon this record we conclude there is insufficient evidence upon which a jury could reasonably find an intention on the part of the parties to extinguish the original indebtedness. Cf. Lakeland Silex Brick Co. v. Jackson & Church Co., 124 Fla. 347, 168 So. 411 (1936); Amoedo v. Socarras, 311 So.2d 830 (Fla. 3d DCA 1975). Defendant David Siegel merely promised to pay in installments that which he as guarantor was already obligated to pay. Such a promise does not constitute a valid consideration; therefore, there was a failure of consideration. See Garner v. Thompson, 335 So.2d 302 (Fla. 2d DCA 1976). Second, there was no evidence of any intent on the part of the Bank to extinguish the original indebtedness. The original note was never cancelled. Thus, the evidence presented failed to establish this essential element of a novation agreement. See Taines v. Capital City First Nat. Bank, 344 So.2d 273 (Fla. 1st DCA 1977).
For the reasons stated, the final judgment entered in favor of defendants Herbert and David Siegel is reversed and the cause is remanded to the trial court to enter judgment for the Bank against these two defendants.
Reversed and remanded.
NOTES
[1] Lakeland Silex Brick Co. v. Jackson & Church Co., 124 Fla. 347, 168 So. 411 (1936).