WIGGINTON, Judge.
Appellant appeals a summary final judgment entered in favor of appellee in its suit against appellant on a promissory note. Finding summary judgment proper in this case, we affirm.
The pleadings and affidavits show that indisputably a subsequent security agreement entered into between the parties incorporated the promissory note which is the subject of appellee’s suit. However, *804 the subsequent security agreement contains no express reference to the note.
In Taines v. Capital City First National Bank, 344 So.2d 273 (Fla. 1st DCA 1977), this Court recognized, citing Northwest Acceptance Corporation v. Heinicke Instrument Company, 441 F.2d 887 (5th Cir.1971), that:
Although there has been general disagreement concerning the effect of a renewal note upon the original, the view in Florida is that a renewal note does not operate as a payment or discharge of the note and renewal of which it is given unless there is an express agreement between the parties to that effect.
In Taines, the appellant maintained that a stipulation between the parties, in which the bank agreed to extend the note and to suspend litigation under certain conditions, “represented an intention by the parties to extinguish the original debt.” Id. at 277. However, finding that the stipulation was “at most the substitution of one evidence of debt for another without any intent to extinguish the old” [Id. at 277], the court upheld the trial court’s entry of final summary judgment. Likewise, in the instant case, although the subsequent security agreement perhaps alters the terms of the original obligation, as in Taines, it does not operate as a cancellation of the original note, as a matter of law.[1] Therefore, since appellant’s novation defense is without merit, no disputed issues of fact exist and entry of summary final judgment was proper.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.

. Appellee stipulated below that, although it is security agreement, it is entitled to only one maintaining a separate action on the subsequent payment even if it receives two judgments.