DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHEILA LEWIS,**
Appellant,

v.

**THE BROWARD COUNTY SCHOOL BOARD,**
Appellee.

No. 4D19-2768

[June 17, 2020]

Appeal from the School Board of Broward County, Florida.

Melissa C. Mihok of CPLS, P.A., Orlando, for appellant.

Douglas G. Griffin of Office of the General Counsel, Fort Lauderdale, for appellee.

MAY, J.

We explore the statutory world of teaching contracts in this appeal from the Broward County School Board's decision not to renew an employee's teaching contract for the 2019–20 school year. The employee argues she was entitled to an administrative hearing and automatic renewal of her professional services contract when she was reassigned from her position as assistant principal. We disagree and affirm.

The employee taught under a professional services contract executed in 2007 ("PSC"). She was then promoted to assistant principal for the 2017–18 school year. When she became part of the school's administration, she executed an annual contract.

At the end of the 2017–18 school year, the Board did not renew her annual contract as assistant principal. The Board "reassigned [her] to the position of teacher for the 2018–19 school year." She was offered another annual contract, but never executed it. She worked as a teacher for that year.

At the end of the 2018–19 school year, the Board notified the employee

it would not renew her annual contract. The notice advised her that she was considered "either a probationary or annual contract teacher." The employee then requested an administrative hearing with the Board. She argued her 2007 PSC should have been reinstated upon her reassignment to teaching. And, the PSC required a showing of just cause for the non-renewal of her contract.

The Board dismissed her request with prejudice, finding the employee qualified as a teacher under an annual contract during the 2018–19 school year, and she was not entitled to a hearing under due process or the Administrative Procedures Act. The employee now appeals.

The employee argues the Board erred in dismissing her request for an administrative hearing with prejudice because she taught under her original PSC, and not under an annual contract. She suggests the Board did not have the authority to terminate her PSC; therefore, she was entitled to an administrative review.

The Board responds the employee's PSC terminated when she signed an annual contract to work as an assistant principal. When she was reassigned as a teacher for the 2018–19 school year, it was under an annual contract. Because her challenge is to an annual contract, which terminates by its own terms, she is not entitled to an administrative hearing.

We have de novo review of the Board's decision. *Parlato v. Secret Oaks Owners Ass'n*, 793 So. 2d 1158, 1162 (Fla. 1st DCA 2001).

Florida's statutory scheme provides for three types of education contracts: (1) a continuing contract; (2) a professional services contract; and (3) an annual contract. *Broward Teachers Union, Local 1975 v. Sch. Bd. of Broward Cty.*, 199 So. 3d 997, 999 (Fla. 4th DCA 2016).

A PSC requires "'a professional certificate covering the classification, level, and area for which the applicant is deemed qualified . . . .'" *Id.* (quoting § 1012.56(1)(a), Fla. Stat. (2014)). PSCs "shall" be renewed each year, unless:

> (a) The district school superintendent, after receiving the recommendations required by [section] 1012.34, charges the employee with unsatisfactory performance and notifies the employee of performance deficiencies as required by [section] 1012.34; or

2

(b) The employee receives two consecutive annual performance evaluation ratings of unsatisfactory under [section] 1012.34, two annual performance evaluation ratings of unsatisfactory within a 3-year period under [section] 1012.34, or three consecutive annual performance evaluation ratings of needs improvement or a combination of needs improvement and unsatisfactory under [section] 1012.34.

§ 1012.33(3), Florida Statutes (2016).

An annual contract is an employment contract for a period of no longer than one school year. The school board may choose to award or not award an annual contract without cause. § 1012.335(1)(a), Fla. Stat. (2016). As of 2011, continuing contracts are no longer offered.

Prior to 2011, school boards were statutorily required to provide teachers with PSCs. *Broward Teachers Union, Local 1975*, 199 So. 3d at 999 (citing § 1012.33(3)(a), Fla. Stat. (2010)). In 2011, however, the legislature removed that requirement and amended the law as follows:

Beginning July 1, 2011, each individual *newly* hired as instructional personnel by the district school board shall be awarded a probationary contract. Upon successful completion of the probationary contract, the district school board may award an annual contract pursuant to paragraph (c).

§ 1012.335(2)(a), Fla. Stat. (emphasis added).

Under the new statutory scheme, "teachers hired on or after July 1, 2011, were given annual contracts which may or may not be renewed the following school year." *Broward Teachers Union, Local 1975*, 199 So. 3d at 999. "[S]chool boards [were] no longer authorized to issue professional service contracts. [T]he only contracts school boards are authorized to issue . . . are probationary contracts for new hires and annual contracts for all others." *Id.* (quoting *Gabriele v. Sch. Bd. of Manatee Cty.*, 114 So. 3d 477, 479 n.1 (Fla. 2d DCA 2013)) (first alteration in original).

The legislative change did not affect individuals with a PSC predating July 1, 2011. Those individuals were still statutorily entitled to renewal of their PSC unless their performance was unsatisfactory. § 1012.33(3)(a), (b), Fla. Stat.; *Gabriele*, 114 So. 3d at 481.

The employee acknowledges the Board can no longer offer a PSC to a

new hire, but argues her 2007 PSC did not terminate when she entered the annual contract to become assistant principal. Her argument is flawed because she fails to consider section 1012.22(1)(c)(4)(a), Florida Statutes. It provides:

> The district school board shall adopt a salary schedule or salary schedules to be used as the basis for paying all school employees hired before July 1, 2014 . . . . Instructional personnel on continuing contract or professional service contract may opt into the performance salary schedule if the employee relinquishes such contract and agrees to be employed on an annual contract under s[ection] 1012.335. Such an employee . . . *may not* return to continuing contract or professional service contract status.

*Id.* (emphasis added).

"[A] teacher employed under an annual contract has no right to reemployment." *Gabriele*, 114 So. 3d at 479; *accord Broward Teachers Union, Local 1975*, 199 So. 3d at 1002. When the employee entered into her annual contract to become assistant principal, she relinquished her right to the prior PSC. *See Bornstein v. Marcus*, 275 So. 3d 636, 639 (Fla. 4th DCA 2019) ("A novation is a mutual agreement by the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation.") (quoting *Miami Nat'l Bank v. Forecast Constr. Corp.*, 366 So. 2d 1202, 1204 (Fla. 3d DCA 1979)). Unlike a PSC, an annual contract does not guarantee tenure. *See Gabriele*, 114 So. 3d at 479 ("Annual contracts expire at the end of the school year.").

PSCs entered into before July 1, 2011 are entitled to renewal unless the employee's performance is dissatisfactory *or* the employee enters into an annual contract. *See Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992). Section 1012.22(1)(c)(4)(a) expressly prohibits the return to a prior PSC.

Here, the employee worked under a PSC until she executed an annual contract to become assistant principal for the 2017–18 school year. When she did so, her PSC terminated by its own annual term. When the Board reassigned her to teaching the next year, section 1012.22(1)(c)(4)(a) prohibited her from returning to her PSC.

The employee could have taught the 2018–19 school year only under an annual or probationary contract. Neither contract entitled her to an administrative hearing. *See Jones v. Miami-Dade Cty., Public Sch.*, 816 So.

2d 824, 826 (Fla. 3d DCA 2002) (holding where there was "no entitlement to continued employment beyond the completion of the individual contract year . . . there was no entitlement to a hearing under the due process cases . . . or the under the Florida Administrative Procedure Act."). We therefore affirm.

*Affirmed.*

WARNER and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5