456 So.2d 552 (1984)
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Appellant,
v.
Robert WOODWARD and Sara Woodward, His Wife, Appellees.
Nos. 84-465, 84-763.
District Court of Appeal of Florida, Third District.
September 25, 1984.
*553 Adams, Hunter, Angones & Adams and R. Wade Adams and Christopher Lynch, Miami, for appellant.
William J. Brown, Miami, for appellees.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
The final declaratory judgment and the judgment awarding attorney's fees and costs are reversed and the cause is remanded to the trial court with directions to enter a decree in favor of the insurer [New Jersey Manufacturers Insurance Co.] declaring that the motor vehicle liability insurance policy herein validly provides for $15,000/$30,000 uninsured motorist coverage limits, although the liability coverage limits are $50,000/$100,000. We reach this result for two reasons.
First, the subject insurance policy was not delivered or issued for delivery in Florida with respect to any motor vehicle registered or principally garaged in Florida. Without dispute, the subject policy was issued and delivered while the insureds [Robert and Sara Woodward] were permanent residents of New Jersey; the policy also, without dispute, related solely to motor vehicles which the insureds principally garaged in New Jersey. The insurance policy herein was therefore not subject to the Florida statutory requirement that the uninsured motorist coverage limits contained therein must equal to the liability coverage limits of the policy, § 627.727(2)(a), Fla. Stat. (1983), because this requirement is applicable only to motor vehicle liability insurance policies "delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state... ." § 627.727(1), Fla. Stat. (1983).
Second, we reject the argument that the insurer herein was on reasonable notice that the insureds subsequently changed their permanent residence to Florida and principally garaged the covered motor vehicles in Florida, so as to subject the insurer to the above-stated Florida statutory requirement based on the authority of Gillen v. United Services Automobile Ass'n, 300 So.2d 3, 6-7 (Fla. 1974). Prior to the accident in the instant case, the insureds sent the insurer a post office change-of-address form indicating that they had changed their mailing address to a location in Florida. There was no indication on this form that the insureds had changed their permanent residence to Florida or that the covered motor vehicles under the subject policy *554 would now be principally garaged in Florida. No other notice was given to the insurer prior to the accident herein indicating the above-stated charges. Unlike Gillen, the insurer herein was therefore not on reasonable notice that the risk of the policy was centered in Florida rather than New Jersey, and, accordingly, Florida law cannot govern as to the extent of uninsured motorist coverage limits contained in the said policy.
Reversed and remanded.