ORFINGER, Judge.
Electro-Protective Corp. (Electro), the defendant below, appeals from a final judgment entered after a jury had found it liable for plaintiff's loss resulting from a burglary. The action was based on allegations that Electro had failed to install the burglar alarm system which plaintiff had contracted for, or, alternatively, that the system had been negligently installed.
Plaintiff contended that it had entered into an oral agreement with Electro on June 20, 1982, whereby Electro agreed to install the specified burglar alarm system in plaintiff’s jewelry store, and further agreed to have it fully operational by July 10, 1982. Plaintiff alleged that Electro breached its agreement, or negligently performed it by not installing the system as agreed, so that it was not fully operational on October 30, 1982 when the store was burglarized.
Among its affirmative defenses, Electro alleged that the damage suffered by plaintiff was subject to a limitation of damage clause (10% of the annual service charge or $250, whichever was greater) of the written contract entered into between the parties on September 2, 1975 (the 1975 contract), and which Electro alleged was still in effect when the loss occurred. The evidence reflected that the parties had first entered into a written contract in 1973. When ap-pellee changed its business location, the parties executed the 1975 contract. The 1975 contract was for an initial five year term, with a provision for automatic annual renewals unless either party gave 30 days written notice to cancel before the end of a renewal period. In October 1980, the parties executed a “Rider” which stated that it was attached to an “agreement made the _day of_”[1] and which provided for a modification of the system. This Rider contained language to the effect that except as modified by the Rider, the terms and conditions of the “agreement” remained in full force and effect.[2]
*192 In reply to Electro’s affirmative defenses, appellee asserted that the oral agreement of 1982 upon which the action was based was a novation of the 1975 agreement so that the limitation of damage provision no longer applied. It further asserted that the 1980 “Rider” effectively superseded the 1975 agreement because it was a new agreement, as indicated by the fact that it specifically left blank any reference to a prior agreement. At trial, the court held as a matter of law that the oral agreement of 1982 superseded the 1975 contract. In taking this question from the jury, the trial court erred.
Generally speaking, a novation is a mutual agreement between the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation. Moses v. Woodward, 109 Fla. 348, 147 So. 690 (1933). See 11 Fla. Jur.2d, Contracts, § 183. Two of the essential elements which must be presented in order for a novation to exist are 1) an agreement by the parties to cancel the first debt or obligation, and 2) agreement by the parties that the subsequent contract or agreement takes the place of the earlier agreement. Thus, whether or not a novation occurs is controlled by the intention of the parties. Miami National Bank v. Forecast Construction Corp., 366 So.2d 1202 (Fla. 3d DCA 1979); United States Fidelity and Guaranty Company v. Gulf Florida Development Corp., 365 So.2d 748 (Fla. 1st DCA 1978), and the burden of proving a novation is upon the one who asserts it. Although the existence of a novation can be a question of law where the terms of an agreement are not in doubt, Evans v. Borkowski, 139 So.2d 472 (Fla. 1st DCA), cert. denied, 146 So.2d 378 (1962), where there are disputes concerning the terms of an agreement and the intention of the parties at the time of its making, these are questions of fact which should be submitted to the trier of fact for resolution. Lakeland Silex Brick Co. v. Jackson & Church Co., 124 Fla. 347, 168 So. 411 (1936); Amoedo v. Socarras, 311 So.2d 830 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 21 (Fla.1976). See also 11 Fla. Jur.2d, Contracts, § 188.
In the case before us, whether or not the 1975 contract was still in effect or whether there had been a novation by later agreements was decidedly in dispute. Plaintiff’s contention that the 1980 agreement unquestionably superseded the 1975 contract is not convincing because the document itself does not necessarily support that conclusion. First, it is designated as a “Rider” to an unidentified agreement, but by its own terms, to some prior agreement. Although it calls for the installation of new equipment, whether its intent is to provide for a completely new system or merely to supplement an existing one is not clear, and is thus a question of fact. Next, whether the 1982 oral agreement was intended as a new contract for a new system or only the supplementation or amendment of an existing agreement relating to the existing system is in dispute. These disputes should have been resolved by the jury.
There was sufficient evidence presented to support the finding by the jury that Electro was negligent in failing to effect the requested change in the security system and that this negligence was a legal cause of plaintiff’s loss. Because the amount of plaintiff’s loss was stipulated by the parties, the only issue remaining is whether the limitation of liability provision in the 1975 contract controls the amount which plaintiff may recover. We therefore reverse the judgment and remand the cause for a new trial on the issue of whether the 1975 contract was in force and effect between the parties when this loss occurred.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. The president of plaintiffs corporation testified that he would not sign the rider with the blank spaces, so the representative of Electro put a handwritten dash into each blank space.

. Immediately before the signature lines appears this language:
Except as amended by this Rider agreement, all the terms and conditions of said Agreement shall remain in full force and effect and the terms and conditions of the within Rider Agreement shall be a part of said Agreement, as if originally incorporated therein.