542 So.2d 1013 (1989)
Victor ADES and Donna Ades, His Wife, Appellants,
v.
BANK OF MONTREAL, Appellee.
No. 88-1433.
District Court of Appeal of Florida, Third District.
March 21, 1989.
Rehearing Denied May 24, 1989.
Rhea P. Grossman, Miami, for appellants.
Mershon, Sawyer, Johnston, Dunwoody & Cole and Mary Ellen Valletta and James M. McCann, Jr., Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
Mr. and Mrs. Ades and their business associate, Mr. Beltram, signed personal guaranties with the Bank of Montreal in order to borrow money by way of overdrafts to finance their business. As the overdraft amount grew, the bank required a second, larger guaranty. Mr. Ades refused *1014 to sign the second guaranty and it was returned to the bank with the signature of only Mrs. Ades and Mr. Beltram. When the overdraft amount continued to increase and the business was no longer able to make interest payments on the borrowed funds, the bank demanded repayment. Mr. Ades argued novation of his signed guaranty by the subsequent guaranty executed by Mrs. Ades and Mr. Beltram. The bank disagreed claiming Mrs. Ades and Mr. Beltram were liable under the second guaranty but that Mr. Ades remained liable under the first guaranty.
Novation is a mutual agreement between the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation. Miami Nat'l Bank v. Forecast Constr. Corp., 366 So.2d 1202, 1204 (Fla. 3d DCA 1979); see Murphy v. Green, 102 Fla. 102, 135 So. 531 (1931). Two of the essential elements which must be presented in order for a novation to exist are (1) an agreement by the parties to cancel and extinguish the first debt or obligation, and (2) agreement of the parties that the second contract or agreement takes the place of the first obligation. Miami Nat'l Bank, 366 So.2d at 1204; United Bonding Ins. Co. v. Southeast Regional Builders, Inc., 236 So.2d 460 (Fla. 1st DCA 1970). See also § 46.015, Fla. Stat. (1987) (release of one guarantor does not discharge the liability of remaining guarantors). The party pleading novation as an affirmative defense has the burden of proving it by clear and satisfactory evidence. Babe, Inc. v. Baby's Formula Serv., Inc., 165 So.2d 795 (Fla. 3rd DCA 1964).
Here, the Adeses failed to establish the bank's intention to extinguish the original indebtedness. Testimony indicates that upon the bank's receipt of the guaranty without Mr. Ades' signature, discussion immediately began between the lender and the borrowers as to whether a collateral mortgage on Mr. Beltram's residence would suffice in lieu of Mr. Ades' signature. These negotiations are supportive of the bank's position that the second guaranty did not take the place of the first guaranty. Further, the original note was never cancelled. Thus, the evidence presented failed to establish these essential elements of a novation agreement. See Taines v. Capital City First Nat'l Bank, 344 So.2d 273 (Fla. 1st DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978).
Finally, the Adeses argue that even if the trial court correctly found two guaranties, interest was improperly calculated on each guaranty separately. We disagree. The trial court's final judgment clearly acknowledged that the disputed guaranties were "guaranteeing payment of the same underlying debt" and that the bank could not recover a sum greater than the single amount claimed due. See Flagship Bank of Orlando v. Bryan, 384 So.2d 1323, 1324, n. 3 (Fla. 5th DCA 1980); see also Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902); Anderson v. Trade Winds Enter. Corp., 241 So.2d 174 (Fla. 4th DCA 1970), cert. denied, 244 So.2d 432 (Fla. 1971); Luckey v. Thornton, 171 So.2d 410 (Fla. 3d DCA 1965). Thus, the interest charged was not duplicative.
Accordingly, the final judgment entered in favor of the Bank of Montreal is affirmed.