## RAINWATER v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

### Case No. 88-672-CA

Nineteenth Judicial Circuit, Martin County

January 16, 1990

### APPEARANCES OF COUNSEL

**George F. Bovie, III, Esquire,** for plaintiff.

**F. Shields McManus, Esquire,** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

THIS matter came on for hearing on Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S Motion For

196

Summary Judgment and Plaintiff, WANDA KAY RAINWATER'S Motion For Partial Summary Judgment. Stripped to the essentials, the issue to be decided concerns the applicability of Florida or North Carolina law to the facts of this case.

Plaintiff on January 20, 1986, obtained a policy on her automobile. The policy was issued in North Carolina and was by its express terms subject to North Carolina law. The policy by its terms stated that Plaintiff resided at 153 Edwards Avenue, Swannanona, North Carolina. The policy also stated that, "The auto described in this policy is principally garaged at your address unless otherwise stated." On January 11, 1987, the Plaintiff came to Florida and obtained employment. The Plaintiff, prior to the accident in question, sent a change of address notification to Defendant and also paid her monthly premium to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. Payment was made by a check that listed the Plaintiff's address as Post Office Box 2902, Stuart, Florida. Defendant neither issued a Florida endorsement, nor adjusted the premium after receiving notice of Plaintiff's change of address. It is also undisputed that at all times material, Plaintiff was not a registered vote of this state, was not licensed to drive in Florida, and did not register the insured vehicle in Florida. Plaintiff did however obtain employment in this state.

Turning first to Plaintiff's Motion For Partial Summary Judgment; Plaintiff, in essence, argues that on these facts a novation occurred. That is Defendant, by being notified of a change in address and accepting the premium payment, entered into a new agreement in Florida and is therefore bound by Florida law governing uninsured motorist benefits. Generally speaking, a novation, is essence, encompasses a new agreement for the old. A novation must, therefore, have both (1) an agreement to cancel the old and (2) a second agreement that the new agreement take the place of the old. The existence of a valid novation is controlled by the intention of the parties. As Judge Orfinger noted in *Electro-Protective v Creative Jewelry by Kempf, Inc.,* 513 So.2d 190 (Fla. 5th DCA 1987), "where there are disputes concerning the terms of an agreement and *the intention of the parties* at the time of its making there are questions of fact which should be submitted to the trier of fact for resolution." Thus summary judgment is inappropriate. Plaintiff's Motion is therefore denied.

A second and even more paramount issue is presented by Defendant's Motion For Summary Judgment. Resolution of that issue must, necessarily, include a discussion concerning, as Justice Grimps correctly noted, "The realm of conflict of laws . . . a dismal swamp, filled with quaking quagmires and inhabited by learned but eccentric profes-

sors who theorize about mysterious matters in strange and incomprehensible jargon." (Grimes, J. concurring *Sturano v Brooks,* 523 So.2d 1126, (Fla. 1988) at page 1130). (Hereinafter referred to as *Sturiano.)*

The Florida Supreme Court has, in *Sturiano,* clearly placed this state in the lex loci contractu camp when considering questions of rights and liabilities arising out of insurance contracts. In *Sturiano,* the Supreme Court, based on the need to "ensure stability in contract arrangements," and in recognition of the fact that "when parties come to terms in an agreement, they do so with the implied acknowledgment that the laws of that jurisdiction will apply . . . absent some provision to the contrary," chose the lex loci contractu approach to resolution of rights and liabilities in insurance matters. This admittedly inflexible approach was necessary to prevent "one party" from modifying the contract simply by moving to another state" *(Sturiano* at 1130). In the Supreme Court's view, this was necessary because "the parties to insurance contracts bargained and paid for the provisions in the agreement, including those provisions that apply the statutory laws of that State." *(Sturiano* at 1130).

As in *Sturiano,* the parties to this contract bargained for North Carolina not Florida law. The Plaintiff, in essence, paid for a North Carolina risk and now desires a Florida remedy. *Sturiano* teaches that Florida law, in such an instance, provides Plaintiff no safe haven from the bargain she entered into. (See also *New Jersey Manufacturers Insurance Co. v Woodward,* 456 So.2d 552 (Fla. 3d DCA 1984). Accordingly, the Defendant's Motion For Summary Judgment is granted.

DONE AND ORDERED in Stuart, Martin County, Florida, this 16th day of January, 1990.