569 So.2d 813 (1990)
Carl YOUNG, Appellant/Cross Appellee,
v.
MORRIS REALTY COMPANY, et al., Appellees/Cross Appellants.
No. 90-301.
District Court of Appeal of Florida, First District.
October 25, 1990.
Jeffrey P. Whitton, Panama City, for appellant/cross appellee.
Michael Wm. Mead, Ft. Walton Beach, Richard H. Powell, Ft. Walton Beach, and Bill E. Parker, Crestview, for appellees/cross appellants.
ERVIN, Judge.
Sublessee Carl Young appeals from a final summary judgment entered against him in an action brought by appellee, Morris Realty Company, sublessor, for unpaid rent and unpaid insurance premium obligations. Young claims that the trial court erred in striking his affirmative defense of novation of the lease agreement, and in granting Morris Realty's summary judgment motion when factual issues remain regarding the proper rental rate of the leased premises and the failure of the sublessor to mitigate its damages. We affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.
On May 8, 1973, Young and H.D. Holland, Jr., sublessees, entered into a sublease agreement in which they agreed to fulfill the requirements and conditions provided in a lease agreement dated June 8, 1973, between members of the Spence family, the landlord, and Morris Realty, the lessee. On January 15, 1979, the sublessees assigned their interest in the sublease to Pennmax Grocery, Inc. As of May 1988, the sublease fell into default.
The original lease contained the following paragraph regarding the lessee's *814 continuing liability in the event that the lease was assigned:
18. The Lessee may without the consent of the Landlord assign this lease, or sublet the demised premises except to the same type business located in the Center at the time of the assignment of Sublease; provided the Lessee herein shall continue to remain liable and responsible for the payment of rentals and due performance of all other terms, conditions and covenants of this lease.
(Emphasis added.) The sublease, under subsection E of a section entitled "Modifications of Terms of Exhibit One [the lease agreement] as Effective Under This Sublease," provided:
Paragraph 18 of Exhibit One is deleted in its entirety, and in lieu thereof the following paragraph is substituted therefor: Sub-lessee has the right to assign this Sub-lease, or to sub-lease the sub-leased premises, or any part thereof, only upon the written consent of Sub-lessor, which consent will be reasonably granted.
Thus, the lease requirement, which made the lessee liable and responsible for the payment of the rentals, was not included under the terms of the sublease. Young contends that this substitution altered the conditions of his liability and thus constitutes a novation, thereby discharging him from any direct liability to the sublessor resulting from Pennmax's default in making monthly payments. We are of the view that subsection E in the sublease at the very minimum creates an ambiguity as to the intention of the parties, and that the trial court therefore erred in striking Young's affirmative defense of novation, and in thereafter entering summary judgment in favor of the sublessor.
The four essential elements of a novation are as follows: (1) the existence of a previously valid contract, (2) the agreement of all the parties to a new contract, (3) the extinguishment of the original contractual obligation, and (4) the validity of the new contract. Sans Souci v. Division of Fla. Land Sales & Condominiums, Dept. of Business Regulation, 421 So.2d 623, 630 (Fla. 1st DCA 1982). It is well recognized that the question of whether the alteration of the terms of a contract results in a novation depends upon the intention of the parties and is ordinarily a question of fact. United States Fidelity & Guar. Co. v. Gulf Fla. Dev. Corp., 365 So.2d 748, 751 (Fla. 1st DCA 1978); Amoedo v. Socarras, 311 So.2d 830 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976).
The first and fourth of the above requirements appear to be met in the present case. The second requirement, agreement of all the parties to a new contract, was also satisfied in that the lessor (the Spence family), the lessee/sublessor (Morris Realty), the sublessee/assignor (Young and Holland), and the assignee/sublessee (Pennmax) each signed the assignment of sublease, which incorporated the terms of both the sublease and the initial lease. The only unresolved issue concerns the intent of the parties in modifying paragraph 18 of the lease agreement  an issue relating to the third requirement of extinguishment of the original contract  which, in our judgment, Young should have been permitted to prove. If a defense is legally sufficient on its face and presents a genuine issue of fact, it is improper for the trial court to grant a motion to strike. Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884, 885 (Fla. 5th DCA 1979).
In arguing that the alteration of some of the details of the contract constitutes a mere modification rather than a novation of the contract, Morris Realty claims that the overall terms of the sublease Young signed clearly make him responsible for the payment of rent. We cannot agree that the referenced provision clearly establishes the extent of Young's liability. The only provision in the sublease that makes Young responsible for any obligation is a clause stating that sublessee Young "does hereby expressly agree to indemnify and save harmless Sub-lessor from all damages, demands, obligations and liabilities that Sub-lessor might sustain by reason of any breach thereof." In our view this provision arguably provides a basis for Young's liability to Morris Realty as an indemnitor. *815 Thus, the lower court on remand must decide, based either upon the present record or additional evidence, whether Young remains directly liable to Morris Realty under the terms of the sublease or indirectly liable as an indemnitor. Accordingly, that portion of the summary judgment finding Young directly liable to Morris Realty is reversed, as well as the trial judge's order striking Young's affirmative defense on the issue of novation, and the cause is remanded for further proceedings consistent with this opinion.
We also agree with Young that there exists a factual dispute regarding the proper rental rate of the leased premises, which cannot be determined by summary judgment. In its corrected affidavit in support of summary judgment, Morris Realty alleged that it was owed rental payments from May 1988 through September 30, 1989 in the total amount of $79,444.06, which was calculated to be the monthly sum of $4,673.18. We are unable, however, to decide from the record how this monthly figure was obtained. The applicable portion of the lease agreement provided for monthly rental payments to be determined in the following manner:
[A]n amount monthly equal to 1/180 of the total cost of the construction of the building and parking lot plus any taxes, interest, insurance, or common maintenance costs incurred annually during the term of the lease, or 1% of annual gross sales whichever is greater.
Young submitted an affidavit from a contractor who stated that the cost of constructing the type of building involved in this case in 1974 would only have ranged between $200,000 and $360,000. Young argues that the monthly rental rate Morris Realty alleged was due would result in construction costs of approximately $479,000. As it is impossible for us to decide from the record how Morris Realty calculated the monthly rental amount claimed due, we agree that summary judgment was prematurely granted on this issue and remand the cause for further consistent proceedings.
Regarding appellant's contention that a genuine issue of material fact exists due to the failure of the sublessor to mitigate its damages by reletting the premises, we observe that appellant references Coast Fed. Sav. & Loan Ass'n v. DeLoach, 362 So.2d 982, 984 (Fla. 2d DCA 1978), and concedes there is no common law duty to mitigate. Nonetheless, because the court in Coast Federal also recognized that a duty to mitigate may arise from the particular language in a lease agreement, Young argues that the sublessor's duty to mitigate arose from the terms of the lease at bar. We disagree. Provision 15 of the June 8, 1973 lease agreement, in which the landlord is granted the privilege to reenter and relet the premises for the credit of the lessee, provides only an option to the landlord to take possession and lease the premises upon a breach, but it does not impose this option upon the landlord as a requirement.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
NIMMONS and ALLEN, JJ., concur.