643 So.2d 642 (1994)
PINNACLE HOLDING, INC., Appellant,
v.
BIOLOGICS, INC., Appellee.
No. 93-03852.
District Court of Appeal of Florida, Second District.
September 23, 1994.
*643 John S. Colley, III, Columbia, TN, for appellant.
V. James Dickson and David J. Sockol, St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
Pinnacle Holding, Inc. seeks review of a summary final judgment based on the doctrine of novation. Because we conclude that the cancellation of the promissory note does not alter the efficacy of the letter agreement's repurchase provision and as we hold that the disputed element of novation addresses intent, an issue reserved for the finder of fact, we reverse.
Pinnacle Holding, Inc. and Biologics, Inc. contracted by letter agreement dated November 21, 1991 for the purchase of ten specialized medical beds. The letter agreement set out the investment arrangement by which Pinnacle would purchase the beds from Biologics. Another firm, Airfluid Systems, Inc., would arrange for delivery, placement and management of the beds. $52,000.00 of the $102,000.00 purchase price was payable pursuant to a one-year promissory note, and the remaining $50,000.00 was paid in cash. The letter agreement provided for repurchase "[i]f, after twelve (12) months, Pinnacle is not completely satisfied with its investment in the 10 Beds for any reason... ." A separate promissory note was executed pursuant to the letter agreement. The letter agreement also included a formula for the division of rental payment proceeds among Airfluid, Pinnacle and Biologics. Pinnacle was to pay half its rental proceeds to Biologics until it fully repaid the $52,000.00 promissory note.
On May 1, 1992, a third party, MediBed, Inc., purchased from Pinnacle the same ten beds. MediBed executed a promissory note to Biologics for $50,000.00 to replace the note Biologics held from Pinnacle that Biologics cancelled. Effective May 1, 1992, Pinnacle gave MediBed an identical repurchase right as Biologics gave Pinnacle. Chris Jarratt, the vice president of MediBed, averred by affidavit that he insisted that Pinnacle give him the same buy-back right so that MediBed could return the beds to Pinnacle which could in turn return the beds to Biologics. By letter dated January 22, 1993, MediBed exercised its repurchase right. Pinnacle exercised its repurchase right with *644 Biologics by letter dated January 27, 1993. Biologics denied Pinnacle's request.
Pinnacle sued Biologics for breach of the November 1991 agreement. Biologics answered and pleaded novation of its obligations under the May 1992 transaction and moved for summary judgment based upon novation. From the trial court's grant of final judgment, this appeal followed.
The four essential elements of a novation are: (1) the existence of a previously valid contract, (2) the agreement of all the parties to a new contract, (3) the extinguishment of the original contractual obligation, and (4) the validity of the new contract. Young v. Morris Realty Co., 569 So.2d 813, 814 (Fla. 1st DCA 1990). Whether the alteration of the terms of a contract results in a novation depends upon the intention of the parties and is ordinarily a question of fact. Young at 814. The burden of proving a novation is upon the one who asserts it. Electro-Protective Corp. v. Creative Jewelry by Kempf, 513 So.2d 190, 192 (Fla. 5th DCA 1987). "Although the existence of a novation can be a question of law where the terms of an agreement are not in doubt, Evans v. Borkowski, 139 So.2d 472 (Fla. 1st DCA), cert. denied, 146 So.2d 378 (Fla. 1962), where there are disputes concerning the terms of an agreement and the intention of the parties at the time of its making, these questions of fact should be submitted to the trier of fact for resolution." Electro-Protective Corp., 513 So.2d at 192 (citations omitted).
Whether the parties here intended that the 1992 transaction novated the 1991 transaction is in dispute. Although the 1992 documents signed by Biologics do not contain any repurchase provision, the 1992 agreement between Pinnacle and MediBed closely restates the repurchase clause of the 1991 agreement. Mr. Lewis, the president of Pinnacle, explained that Mr. Hagopian, Biologics's president and a close friend, had insisted on the repurchase clause. Even had Pinnacle paid off the note, it would still have retained the repurchase right.
Because we conclude that a factual dispute remains with respect to the parties' intent that the 1992 agreement is a novation of the prior agreement, we reverse the summary final judgment and remand for further proceedings.
Reversed and remanded.
DANAHY and HALL, JJ., concur.