DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOUG SCHROER,**
Appellant,

v.

**CRUMDALE PARTNERS, LLC,**
Appellee.

No. 4D2023-1000

[August 21, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502020CA009057.

Jack Scarola of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, and Daniel R. Hoffman and David J. Sales of David J. Sales, P.A., Sarasota, for appellant.

Peter H. Levitt and Douglas M. Kramer of Shutts & Bowen LLP, Miami, for appellee.

KUNTZ, J.

Doug Schroer appeals the summary judgment order entered in favor of Crumdale Partners, LLC arising from three employment agreements between the parties. We affirm.

The three agreements controlling Schroer's employment with Crumdale were: (1) a "Referral Agreement" effective November 1, 2017; (2) a "Conditions to Employment Agreement" effective April 30, 2018; and (3) a second "Conditions to Employment Agreement" effective February 1, 2019. The first and second Conditions to Employment Agreements are hereinafter called the "Employment Agreements."

Under the Referral Agreement, Schroer was an independent contractor for Crumdale. But the first Employment Agreement changed Schroer's status from an independent contractor to an at-will employee of Crumdale. The first Employment Agreement also contained a merger clause, which provided that this Agreement "constitutes the complete understanding

between the parties with respect to the subject matter hereof, and supersedes all earlier agreements with respect to this subject matter, written or oral." The second Employment Agreement was substantially identical to the first, only adjusting Schroer's monthly salary and adding another performance provision.

Invoking the second Employment Agreement, Crumdale terminated Schroer for cause on August 31, 2020, for failure to meet certain company expectations. Schroer argued the Referral Agreement survived the execution of the Employment Agreements and, thus, Crumdale needed to continue paying commissions under the Referral Agreement.

Both parties filed competing summary judgment motions and asked the circuit court to determine which agreement controlled. The circuit court concluded all three agreements were "all related to Crumdale's business purpose" as well as "[t]he nature of [Schroer]'s services . . . ." And because the "subject matter" was the same for all three, the merger clause in the Employment Agreements applied and the Employment Agreements superseded the Referral Agreement. Based on those conclusions, the circuit court entered summary judgment for Crumdale.

On appeal, both parties agree that the sole issue is whether a novation occurred. A novation is an agreement "between the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation." *Ades v. Bank of Montreal*, 542 So. 2d 1013, 1014 (Fla. 3d DCA 1989). Four elements form a novation: "(1) the existence of a previously valid contract; (2) the agreement of the parties to cancel and extinguish the first contract; (3) the agreement of the parties that the second contract takes the place of the first; and (4) the validity of the new contract." *C.V.P. Cmty. Ctr., Inc. v. McCormick 105, LLC*, 302 So. 3d 905, 907 (Fla. 4th DCA 2020).

The specific question here is whether the subsequent Employment Agreements extinguished the Referral Agreement. We conclude such extinguishment occurred. The first Employment Agreement's merger clause states that it "supersedes all earlier agreements with respect to this subject matter, written or oral." And the Referral Agreement and Employment Agreements concern the same subject matter—the services Schroer would provide to Crumdale, and Crumdale's payment to Schroer for those services.

As a result, we agree with the circuit court that the merger clause in the first Employment Agreement evidenced an intent of the parties to

extinguish the Referral Agreement. Thus, we affirm the circuit court's summary judgment order to that effect.

*Affirmed.*

MAY, J., concurs.
FORST, J., dissents with opinion.

FORST, J., dissenting.

I respectfully dissent with respect to the majority's affirmance of the trial court's summary judgment in favor of Appellee Crumdale. Both parties had filed summary judgment motions. At issue is the proper interpretation of three agreements entered by the parties. I agree with Appellant Schroer that the trial court misconstrued the "Employment Agreements" with the effect of depriving Schroer from receiving referral and renewal compensation which he had earned during the six-month term of the earlier "Referral Agreement."

Crumdale provides consulting services for employer-provided prescription drug benefit plans. Schroer began his relationship with Crumdale on November 1, 2017. Initially, the relationship was governed by a "Referral Agreement." Schroer was not paid an hourly wage. He was designated as an independent contractor. Schroer was responsible for referring potential customers to Crumdale. Per the Referral Agreement, Crumdale agreed to compensate Schroer if: (1) he referred potential customers directly and in writing to Crumdale during the "Term" of the Referral Agreement, and (2) the clients referred by Schroer became a paying Crumdale client "within 12 months" after the referral. Schroer was not paid a draw against commissions—until (and unless) his referrals became clients, Schroer wasn't compensated.

The Referral Agreement included an "Exhibit A" attachment that explains Schroer would receive ongoing "referral" and "renewal" fee compensation, with the amount calculated based on the gross revenues received by Crumdale from those clients, if and when those customer payments were actually received. Schroer would be paid his fee even if Crumdale received customer payment after the Referral Agreement's expiration—"Except in the case of a termination for cause . . . Crumdale's obligations to make payments to [Schroer] . . . will survive the expiration or earlier termination of [the Referral] Agreement." The "termination for cause" exception was with reference to termination of "this agreement." Crumdale has never contended that Schroer was terminated for cause

during the six-month period that his compensation was governed by the Referral Agreement.

Exhibit A included a section explaining Schroer's "consideration." First, he would be paid a thirty percent "referral fee" on the date Crumdale first received payments from the new customer. If the customer "renews its relationship with Crumdale" and Crumdale continues to receive gross revenue from the customer, Schroer was to be paid a "renewal fee . . . for each Retail [or Wholesale] Renewal Year thereafter." During the litigation of this case, Crumdale's president acknowledged that "Schroer's Referral Agreement [] does provide for post-termination compensation based on revenue obtained from a referral made by" Schroer.

At the end of April 2018, Schroer's service as an independent contractor was terminated and he became a Crumdale employee, with compensation governed by the first of two Employment Agreements. Schroer remained a Crumdale employee until his termination in August 2020. At issue in this case is Crumdale's position that the Employment Agreements "replaced" or "superseded" any claims to referral or renewal commission payments "earned" (per the terms of the Referral Agreement) by Schroer during his six-month tenure making referrals to Crumdale as an independent contractor. Crumdale argued that a novation had occurred and that the Referral Agreement had thus "ceased to exist as of April 30, 2018."

Crumdale, Schroer, and the majority agree that the determinative issues in this case with respect to a novation are whether the parties agreed "to cancel and extinguish the Referral Agreement" and whether they further agreed "that the second contract takes the place of the first."

The Employment Agreements' merger clause states that the Employment Agreement "constitutes the complete understanding between the parties **with respect to the subject matter** hereof, and supersedes all earlier agreements **with respect to this subject matter**, written or oral." (emphasis added).

I agree with Schroer—the Employment Agreements do not cover the same "subject matter" as the Referral Agreement and therefore do not "cancel and extinguish" Crumdale's compensation obligations under the Referral Agreement. The initial agreement explained Schroer's status as an independent contractor and his compensation which I would describe as "eat what you catch" and "delayed gratification." Schroer was only paid if his referrals led to revenue for Crumdale and these commission payments were deferred until payment was made to Crumdale, with

4

additional commission paid to Schroer when the customers renewed their relationship with Crumdale.  Under the Employment Agreements, Schroer received the legal protections afforded employees under state and federal law, protections not provided to independent contractors.

Additionally, and perhaps most crucially, both Employment Agreements state that the agreements control fees or commissions due to Schroer only during the "term" of the respective agreements.  The Employment Agreements covered a time period commencing on April 30, 2018.  Schroer makes no claim in this appeal for payment for referrals made after April 29, 2018.

This situation is distinguishable from the sole "merger" case cited by the trial court in granting summary judgment for Crumdale.  In *Gonzalez-Aller v. Northern New Mexico College*, CIV No. 11-105, 2012 WL 13076229 (D.N.M. Sept. 17, 2012), the parties entered into two employment agreements covering the same time period.  *Id.* at *1–2.  The second agreement reduced the employee's salary.  *Id.* at *2.  The federal trial court found that as both agreements involve the plaintiff's employment with the defendant for the same school year, they both "involve the same subject matter."  *Id.* at *3.  By contrast, the Referral Agreement in the instant case covered Schroer's compensation as an independent contractor and the Employment Agreements cover compensation during Schroer's "employment" during the time period commencing after the April 29, 2018 termination of the Referral Agreement.

As the party asserting the affirmative defense of novation, Crumdale bore the burden of proving novation by "clear and satisfactory evidence." *Miami Nat'l Bank v. Forecast Constr. Corp.*, 366 So. 2d 1202, 1204 (Fla. 3d DCA 1979).  A novation is a mutual agreement between parties "for the discharge of a valid existing obligation by the substitution of a new valid obligation." *Ades v. Bank of Montreal*, 542 So. 2d 1013, 1014 (Fla. 3d DCA 1989).  "It is well recognized that" the existence of a novation "depends upon the intention of the parties and is ordinarily a question of fact." *Young v. Morris Realty Co.*, 569 So. 2d 813, 814 (Fla. 1st DCA 1990); *see also Pinnacle Holding, Inc. v. Biologics, Inc.*, 643 So. 2d 642, 643–44 (Fla. 2d DCA 1994) (reversing summary judgment because fact questions existed concerning the parties' intent to create a novation).

Schroer commenced making referrals to Crumdale in November 2017.  He did not earn a draw against commission or a salary.  He received no sick leave or holiday pay.  Regardless of whether he worked four hours, forty hours or eighty hours during the week—he would receive compensation only when his referrals became paying customers of

Crumdale, and successful referrals had the benefit of potentially generating renewal income for Schroer in the future. At the end of April 2018, the parties agreed to terminate the independent contractor Referral Agreement and to commence an Employment Agreement. The Employment Agreements made Schroer eligible for referral and renewal fees based on referrals made during the term of these Employment Agreements, but he also received a "monthly [d]raw against [c]ommissions," as well as benefits and paid time off.[1]

Nothing in either Employment Agreement, including the merger clause, referenced—let alone cancelled—Crumdale's obligation to compensate Schroer (via referral and ongoing renewal commissions) for his labor during the six-month period governed by the Referral Agreement. "The purpose of a merger clause is not to extinguish prior contractual obligations." *Audiology Distrib., LLC v. Simmons*, No. 8:12-cv-02427, 2014 WL 7672536, at *14 (M.D. Fla. May 27, 2014). "The courts are powerless to rewrite contracts to make them more advantageous for one of the contracting parties . . . particularly in a situation when that party is the drafter, against whom the agreement must be construed." *RX Sols., Inc. v. Express Pharm. Servs., Inc.*, 746 So. 2d 475, 477 (Fla. 2d DCA 1999). Accordingly, the trial court erred in granting Crumdale's motion for summary judgment. Thus, I respectfully dissent from the majority's affirmance.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**

---

[1] The issue of Schroer's eligibility for post-termination referral and renewal commission payments accrued during the time period governed by the Employment Agreements is not before us.